**JAMS ARBITRATION**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Claimant,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | REF NO. 5440009195 |

**RESPONDENT'S RESPONSE TO CLAIMANT'S STATEMENT OF CLAIMS**

Respondent Cisco Systems, Inc. ("Respondent" or "Cisco"), by and through its attorneys, Littler Mendelson, P.C., pursuant to Rule 9 and Rule 18 of the JAMS Employment Arbitration Rules & Procedures (the "JAMS Rules"), files the following Response to Claimant's Statement of Claims filed in the above-captioned case by Claimant, Criselda Angela Bell (hereinafter, "Claimant").

**MOTION TO DISMISS**

Claimant brings six (6) counts against Respondent, all of which should be summarily dismissed. In support of its Motion, Respondent states as follows:

## I. BACKGROUND

In her Statement of Claims, Claimant alleges claims for (1) sex and pregnancy discrimination; (2) age discrimination; (3) disability discrimination; (4) failure to provide a reasonable accommodation; (5) race discrimination; and (6) retaliation. However, aside from briefly referencing the Americans with Disabilities Act (ADA) in her disability discrimination claim, Claimant fails to specify the sources of law for her causes of action. Construing the Statement of Claims liberally, it may reasonably be read to assert claims pursuant to federal law under Title VII, ADA, PWFA, and ADEA, as these are also referenced in the underlying EEOC

Charge. However, as there are potential North Carolina state law claims which may be applicable, we will also analyze Claimant's claims pursuant to State law. Claimant must proceed under legally recognized causes of action in arbitration; but regardless of the source of law for Claimant's claims, all of her claims are subject to dismissal.

## II. STANDARD OF REVIEW

The parties' Mutual Agreement to Arbitration (the "Arbitration Agreement") provides the arbitration will be administered by JAMS in accordance with the JAMS Rules. *See* Arbitration Agreement, p.1 "Arbitration Procedure". The Arbitration Agreement further specifies for claims subject to arbitration, the Arbitrator will apply the substantive law of the State in which the employee works or worked, or federal law, or both, as applicable. *Id.*, "Applicable Law".

Rule 18 of the JAMS Rules allows for the Arbitrator to permit a party to file a dispositive motion if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case.[1] Such is the case here.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under North Carolina Rule of Civil Procedure 12(b)(6), dismissal is proper when one of the following three conditions is satisfied:

> (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

[1] Respondent reserves the right to request to submit an additional dispositive motion after the close of discovery should the Arbitrator not grant the instant Motion in full.

*Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.*, 231 N.C. App. 70, 74, 752 S.E.2d 661, (2013).

Dismissal of all Claimant's claims is proper as (1) she failed to exhaust her administrative remedies with respect to any federal retaliation claim; (2) any Title VII, ADEA, ADA, PWFA and retaliation claims are time-barred; (3) there is no private right of action for any state age discrimination, sex/pregnancy discrimination, race discrimination, or retaliation claims; (4) she is precluded as a matter of law from seeking a remedy under the North Carolina Persons with Disabilities Protection Act ("NCPDPA") because she filed an EEOC Charge regarding the same conduct; and (5) any such NCPDPA claim is untimely regardless.

## III. LAW AND ARGUMENT

### A. Claimant Failed to Exhaust Her Administrative Remedies on Any Federal Retaliation Claim.

Claimant failed to raise her retaliation claim before the EEOC. In Claimant's Statement of Claims, she acknowledges that her September 22, 2025 EEOC Charge ***only*** alleges discrimination based on age, disability, pregnancy, race, and sex; but ***not retaliation***. *See* Statement of Claims, ¶¶47-48, 153. Yet, Claimant's Statement of Claims includes a claim for retaliation against Respondent[2].

Administrative exhaustion is a well-established doctrine of administrative law, which provides that no one is entitled to relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Louise Trauma Ctr. LLC v. United States Citizenship*

[2] The basis for Claimant's retaliation claim is that her September 9, 2025 termination was in retaliation for her internal complaint on July 25, 2025, which she claims is protected activity. *See*, Statement of Claims ¶162. Even if Claimant had exhausted her administrative remedies with respect to her retaliation claim (which she did not), it would have been futile as the alleged retaliatory decision (the decision to terminate Claimant's employment, which was communicated September 16, 2024) predated the alleged protected conduct. *Barnhill v. Bondi,* 138 F.4th 123, 138 (4th Cir. 2025) (citing *Roberts v. Glenn Indus. Grp., Inc.,* 998 F.3d 111, 127 (4th Cir. 2021) (explaining that irrespective of temporal proximity, a plaintiff must show that a relevant decisionmaker knew of their protected activity at the time of the adverse action to establish causation)).

*& Immigr. Servs.*, 147 F.4th 495, 498-99 (4th Cir. 2025) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d (2006)).

Claimant is limited to the allegations presented in the Charge in any subsequent litigation. *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407 (4th Cir. 2013) (holding "[i]n any . . . lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge"); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (holding a "plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").

The exhaustion requirement ensures the employer is on notice of the complained-of discrimination and initiates agency-monitored settlement. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Courts have interpreted this exhaustion requirement to mean that each discrete incident of discriminatory treatment must be administratively exhausted. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 106 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred."); *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976) (stating that the subsequent litigation "may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge") (internal quotation marks omitted). Accordingly, a plaintiff's "factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko*, 429 F.3d at 509. A claim will be barred if the "administrative charge alleges one type of discrimination . . . and the claim encompasses another type . . . ." *Id.*

Claimant raises allegations of retaliation for the first time in her Statement of Claims. Claimant only raised claims of discrimination in her underlying EEOC Charge, as she admits in her Statement of Claims, and thus, the retaliation claim should be dismissed because she has failed to exhaust her administrative remedies with respect to any federal retaliation claim.

**B. Claimant's Title VII, ADEA, ADA, PWFA, and Retaliation Claims Are Likewise Barred on Timeless Grounds.**

***i. Claimant Failed to File a Charge with the EEOC Within 180 days of Each Alleged Discriminatory or Retaliatory Act.***

Claimant's federal discrimination and retaliation claims are untimely and must be dismissed.

"Modeled after Title VII, . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC...." *Rodriguez v. Wipro Ltd.*, No.: 3:23-CV-00354-SCR, 2024 U.S. Dist. LEXIS 177800, at *9 (W.D.N.C. Sept. 30, 2024); *Sydnor v. Fairfax Cnty., Va.,* 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 2000e-5(b), (f)(1)); *Manghan v. Michelin,* No. 3:24-CV-576-MOC, 2024 WL 4271591, at *2 (W.D.N.C. Sept. 23, 2024) (citing *Bryant v. Bell Atl. Md.,* 288 F.3d 124, 132 (4th Cir. 2002)).

To be timely, Claimant was required to file her Charge with the EEOC within 180 calendar days of the date of the alleged discriminatory action. *See* 29 U.S.C. § 626(d)(1)(A) (ADEA); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000gg-2(a) (Title VII); 42 U.S.C. § 12117(a) (ADA adopts Title VII's administrative exhaustion and timeliness requirements); 42 U.S.C. § 2000gg-2(a) (PWFA adopts Title VII's administrative exhaustion and timeliness requirements);*Aboulhosn v. City of Manassas*, 2025 U.S. Dist. LEXIS 128627, at *5 (E.D. Va. July 7, 2025) (Discrimination claims under Title VII, ADA, ADEA, or PWFA must follow a timely charge with the EEOC);

*Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred."); *Fort Bend Cty. v. Davis*, 587 U.S. 541, 544, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019) (citing 42 U.S.C. § 2000e-5(b), (e)(1)) (Title VII requires that a charge be filed with the EEOC "by or on behalf of a person claiming to be aggrieved" within 180 days after the "alleged unlawful employment practice occurred."); *McCaskey v. United States Postal Serv.*, No. 3:18-CV-411-RJC-DCK, 2021 U.S. Dist. LEXIS 75523 (W.D.N.C. Mar. 26, 2021) (holding the notice of intent to sue had to be filed with the EEOC within 180 calendar days of the date of the alleged discriminatory action pursuant to the ADEA); *Williams v. N.C. Admin. Office of the Courts,* 364 F. Supp. 3d 596, 601 (E.D.N.C. 2018) (holding Plaintiff had to file an EEOC charge within 180 days of each alleged ADA violation).

Importantly, "the filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982); *see also Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action arising out of a job termination commences when the employee is informed of his termination.").

Here, Claimant has failed to timely file her EEOC Charge within 180 days of ***any*** alleged discriminatory or retaliatory action identified in her Statement of Claims.

First, Claimant alleges she was systematically "sidelined" from her program leading up to the layoff.[3] *See* Statement of Claims, ¶58. She states the actions to "sideline" her from her program occurred between April and August 2024. *Id.*, ¶¶59-60. As a result, Claimant was required to file

[3] Respondent denies this constitutes an actionable adverse employment action, even if Claimant did timely file a Charge regarding it.

her EEOC Charge regarding this alleged discriminatory act by February 27, 2025, at the latest. Given Claimant did not file her Charge until September 22, 2025, her claims based on this alleged act of discrimination are untimely by 207 days.

Next, Claimant identifies her inclusion in the layoff and the termination of her employment as adverse actions. *Id.*, ¶58. Claimant acknowledges the Company notified her of her layoff on September 16, 2024. *Id.*, ¶61. As indicated above, the key date for timeliness is the date the alleged discriminatory decision was made and/or communicated, *not* when it was effectuated. *Price*, 694 F.2d at 965 ("[T]he filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition."); *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action arising out of a job termination commences when the employee is informed of his termination."). Accordingly, although Claimant's termination was not effectuated until September 9, 2025, the proper date for determining timeliness for these alleged adverse employment actions is the date Claimant was ***informed*** of her inclusion in the layoff – on September 16, 2024. Accordingly, Claimant's deadline to file a Charge related to her inclusion in the layoff and termination was March 15, 2025. As Claimant did not file her Charge until September 22, 2025, her claims based on these alleged acts of discrimination and retaliation are untimely by 191 days.[4]

Last, Claimant identifies Cisco's alleged failure to provide Claimant her full maternity leave as an alleged discriminatory act.[5] *Id.*, ¶¶33-34. Claimant acknowledges the Company

---

[4] As explained in Section III.A above, Claimant completely failed to exhaust her administrative remedies with respect to any federal retaliation claim by failing to raise them in her Charge. Regardless, even if she had, her retaliation claim would likewise be time-barred.

[5] Again, Respondent denies this constitutes an actionable adverse employment action, even if Claimant did timely file a Charge regarding it.

informed her of her maternity leave eligibility prior to the birth of her child on February 6, 2025. Accordingly, her deadline to file an EEOC Charge related to this alleged discriminatory act August 4, 2025, at the latest, making her September 22, 2025 Charge untimely by 49 days. *Id.*, ¶33.[6]

Thus, because Claimant did not file her EEOC Charge within 180 days of ***any*** alleged adverse employment action on which her claims are based in her Statement of Claims, her federal discrimination claims are time-barred and must be dismissed.

***ii. Claimant Failed to File her Demand for Arbitration Within 90 Days of Receiving the Notice of Right-To-Sue.***

Separately, even if the Arbitrator were to find Claimant's EEOC Charge was timely, which Respondent disputes, Claimant's demand for arbitration was untimely, as it was filed more than 90 days after her receipt of the EEOC's notice of right to sue.

A claimant must institute their post-EEOC legal action "within ninety (90) days of the claimant's receipt of a right to sue letter from the EEOC." *Cedric Jones v. Walmart DC 6070*, No. 1:24-cv-00012-MR-WCM, 2025 U.S. Dist. LEXIS 49687, at *4 (W.D.N.C. Feb. 12, 2025) (citing 42 U.S.C. § 2000e-5(f)(1); *Watkins v. Sec'y of Veterans Affairs,* No. 5:24-cv-35-M, 2024 U.S. Dist. LEXIS 56603, 2024 WL 1327370, at *2 (E.D.N.C. Feb. 16, 2024)). "The Fourth Circuit has held that a filing made one day outside the ninety-day period is time barred and may result in dismissal absent reasonable grounds for equitable tolling." *Id.* at *5 (internal quotations omitted) (citing *Addison-Potts v. ECU Health Med. Ctr.*, No. 4:23-cv-103-FL, 2023 U.S. Dist. LEXIS 140927, 2023 WL 5183009, at *1 (E.D.N.C. Aug. 11, 2023) (finding complaint, filed ninety-one

[6] The Company notified Claimant of her inclusion in the layoff on September 16, 2024, with an effective termination date of November 15, 2024, following a 60-day transition period. *Id.*, ¶22. The Company's policy is to honor a medical leave of absence and delay the 60-day transition period and effective date of termination until the leave of absence concludes. Claimant was on disability leave from September 29, 2024 through the birth of her child on February 6, 2025. *Id.*, ¶28. Subsequently, Claimant was on paid pregnancy/childbirth disability leave and child bonding leave. *Id.*, ¶¶29, 33. Upon her return from leave, and after the completion of the 60-day transition period, Claimant's employment was terminated effective September 9, 2025. *Id.*, ¶44.

days after receipt of the EEOC notice, was time-barred where there was no allegation that grounds existed for equitable tolling), *aff'd*, No. 23-1953, 2023 U.S. App. LEXIS 33898, 2023 WL 8826947 (4th Cir. Dec. 21, 2023); *Shelton v. Atl. Bingo Supply Co.*, No. DKC 11-0952, 2011 WL 4985277, at *2 ("Despite Plaintiff's pro se status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases.")).

Equitable tolling applies only in limited situations; specifically, where there are, "(1) extraordinary circumstances, (2) beyond [Claimant's] control or external to his own conduct, (3) that prevented him from filing on time." *Jones*, 2025 U.S. Dist. LEXIS 49687, at **5-6 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)); *Chao v. Va Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("The discretionary equitable tolling doctrine applies when (1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2) extraordinary circumstances beyond the plaintiff's control prevent her from filing on time."). Claimant received the EEOC Right-To-Sue Notice on September 30, 2025. *See* Statement of Claims, ¶49. Thus, Claimant's deadline to initiate her action and file her demand for arbitration was December 29, 2025. However, Claimant did not file any demand for arbitration until January 23, 2025, ***115 days*** after the right to sue letter.[7] Accordingly, Claimant's arbitration filing is untimely because it is beyond the requisite 90-day deadline to file.

Claimant has missed ***two*** statutes of limitations. First, she failed to file her discrimination and retaliation claims with the EEOC within the 180-day deadline. Second, she failed to file her

[7] Claimant demanded arbitration with JAMS on Friday, January 23, 2026. Claimant did not file a Statement of Claims until February 20, 2026. However, even utilizing the initial notice date of January 23, 2026, for the purposes of this Motion, the filing is still untimely (115 days after the notice of right to sue).

arbitration demand within 90 days of receiving the EEOC's Right to Sue letter. Accordingly, her federal claims should be dismissed.

**C. There is No Private Right of Action for Any State Age Discrimination, Sex/Pregnancy Discrimination, Race Discrimination, or Retaliation Claim.**

To the extent Claimant attempts to bring a discrimination or retaliation claim under State law, any such claim must fail. While North Carolina has a state anti-discrimination statute, the North Carolina Equal Employment Practices Act ("NCEEPA"), which prohibits discrimination on the basis of age, race, and sex/pregnancy, among other protected classes, there is no private right of action under the NCEEPA. N.C. Gen. Stat. §§ 143-422.1 to 143-422.3; *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (North Carolina courts have not recognized a private cause of action under NCEEPA); *Cline v. Dahle*, No. COA01-94, 2002 WL 857552, at *7 (N.C. App. May 7, 2002) (holding that "our courts have never found that a violation of the NCEEPA creates a private right of action."). Thus, to the extent the source of law for Claimant's sex/pregnancy discrimination claim (Count 1), age discrimination claim (Count 2), race discrimination claim (Count 5), or retaliation claim (Count 6) is state law (i.e., the NCEEPA), those claims must be dismissed for failing to state a claim upon which relief can be granted.

**D. Claimant is Precluded from Seeking a Remedy Under the North Carolina Persons with Disabilities Protection Act as a Result of Filing an ADA Charge, and Any Such Claim is Untimely Regardless.**

To the extent Claimant attempts to bring her claims for disability discrimination (Count 3) and/or failure to provide reasonable accommodations (Count 4) under the North Carolina Persons with Disabilities Protection Act ("NC PDPA"), her claims must fail. A party cannot maintain a NC PDPA claim if they have also filed an ADA Charge with the EEOC. *See* N.C. GEN. STAT. § 168A-11(c); *Bowling v. Margaret R. Pardee Mem'l Hosp.*, 179 N.C. App. 815, 821 (N.C. Ct. App.

2006) (holding that filing an EEOC charge under the ADA commenced federal administrative proceedings and therefore divested the state court of jurisdiction over the NC PDPA claim).

Nevertheless, the NC PDPA has a 180-day statute of limitation for employment claims. *See* N.C. GEN. STAT. §168A-12. As indicated above, all of Claimant's alleged adverse employment actions occurred between April and September 2024. Claimant initiated this action on January 23, 2026, more than ***1 year*** after the statute of limitations lapsed. As a result, any NC PDPA claims are time-barred and must be dismissed.

Therefore, to the extent the source of law for Claimant's disability discrimination claim (Count 3) and/or failure to provide reasonable accommodations (Count 4) is state law (i.e., the NC PDPA), those claims must be dismissed for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, Respondent respectfully requests that the Arbitrator enter an Order dismissing Claimant's Statement of Claims and Demand for Arbitration with prejudice.

## GENERAL DENIAL

Respondent denies the material allegations contained in Claimant's Statement of Claims, and requests that the Arbitrator require strict proof of all allegations made by Claimant. Respondent specifically denies any violation of Title VII, the ADA, the ADEA, the PWFA, or any other state, federal or local law, denies any wrongdoing whatsoever, and denies that Claimant is entitled to any relief sought in the Statement of Claims.

## STATEMENT ON CLAIMANT'S DAMAGES

To the extent a response is required, Respondent denies all allegations and specifically denies that Claimant is entitled to an award or relief of any kind. Respondent specifically denies

that Claimant is entitled to any judgment, award, back pay, front pay, lost benefits, compensatory damages, non-economic damages, attorneys' fees, costs and expenses, or any other relief whatsoever. Indeed, certain categories of damages claim to be due and owing by Claimant in the Statement of Claims are not recoverable even if the asserted violation could be established, which Respondent again, asserts it cannot.

**STATEMENT OF DEFENSES**

Respondent hereby states the following defenses to Claimant's Statement of Claims. By asserting any matter herein, Respondent does not alter or modify the burdens of persuasion or production on any of Claimant's claims. Claimant continues to bear the full burden of production and persuasion as to every element of her claims. Respondent has not yet completed its investigation or completed discovery of all facts and circumstances of the subject matter of the Statement of Claims, and accordingly, reserves its right to amend, modify, revise, or supplement this Statement of Defenses, and to plead such further defenses and take such further actions as it may deem proper and necessary.

**FIRST DEFENSE**

Claimant's Statement of Claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Claimant's Statement of Claims may be barred, in whole or in part, by the doctrines of waiver, release, estoppel, laches, offset, consent, unjust enrichment, unclean hands, and/or other equitable defenses.

**THIRD DEFENSE**

Claimant's Statement of Claims may be barred, in whole or in part, by applicable statute of limitations or other timeliness requirements.

**FOURTH DEFENSE**

Respondent incorporates its Motion to Dismiss.

**FIFTH DEFENSE**

Claimant has not complied with the necessary administrative prerequisites required to file a Title VII, PDA, PWFA, ADA, or ADEA claim.

**SIXTH DEFENSE**

Claimant's claims fail because any alleged action or failure to act on the part of Respondent was not the proximate cause of any injuries to Claimant.

**SEVENTH DEFENSE**

Claimant was terminated for reasons other than sex, pregnancy, disability, age, race, or her leave status, and Respondent has a good faith belief in the conduct supporting Claimant's separation from employment.

**EIGHTH DEFENSE**

Claimant's claims are barred, or her recovery of damages is limited, in whole or in part, to the extent Claimant failed to reasonably mitigate her damages.

**NINTH DEFENSE**

Claimant has failed to allege facts sufficient to state a claim for compensatory damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or costs.

**TENTH DEFENSE**

At all times Respondent acted reasonably and in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any Claimant's legal rights.

**ELEVENTH DEFENSE**

Respondent actions regarding Claimant were at all times taken for legitimate, non-discriminatory reasons.

## TWELFTH DEFENSE

To the extent Claimant can establish a violation of the ADEA, which Respondent denies, no such violation was willful.

## THIRTEENTH DEFENSE

Even if Claimant could show that an unlawful factor played a role in a decision impacting her employment, which Respondent denies, Respondent would have made the same decision with respect to Claimant's employment without consideration of such unlawful factor.

## FOURTEENTH DEFENSE

Claimant's Statement of Claims fails to state facts that warrant the imposition of punitive damages.

## FIFTEENTH DEFENSE

Claimant is not entitled to liquidated damages because the alleged misconduct would be contrary to Respondent's good faith efforts to comply with the ADEA and other relevant laws.

## SIXTEENTH DEFENSE

Claimant's claims for compensatory damages are subject to applicable limitations on damages.

## SEVENTEENTH DEFENSE

Claimant's claims may be barred in whole or in part by the after-acquired evidence doctrine.

## EIGHTEENTH DEFENSE

Claimant did not engage in protected activity as defined by the ADA and Title VII, and, accordingly, her retaliation claim fails.

## NINETEENTH DEFENSE

Claimant cannot demonstrate that she was treated differently than similarly situated individuals on the basis of protected or allegedly protected activity.

## TWENTIETH DEFENSE

Claimant's claims are barred, in whole or in part, to the extent Claimant's claims exceed the scope of any timely administrative complaint upon which Claimant purports to have a timely right to sue.

## TWENTY-FIRST DEFENSE

Any award of punitive damages in this case would violate Respondent's rights to Due Process and Equal Protection under the United States and North Carolina constitutions.

## TWENTY-SECOND DEFENSE

Claimant's claims for relief are barred because Respondent exercised reasonable care in promulgating a policy prohibiting unlawful discrimination, harassment, and retaliation and complaint procedure, took measures to correct or prevent any alleged unlawful discrimination, harassment, and/or retaliation, and Claimant failed to reasonably take advantage of the corrective or preventative opportunities provided by Respondent or to otherwise avoid harm.

## TWENTY-THIRD DEFENSE

To the extent Claimant seeks recovery for alleged mental and emotional distress, including the recovery of any medical expenses thereby incurred, such claims are barred by the exclusive remedy provision of the North Carolina Workers' Compensation Act.

## TWENTY-FOURTH DEFENSE

To the extent, if any, that Respondent's employees or agents engaged in any of the allegedly unlawful conduct described in the Statement of Claims, such actions were outside the scope of their employment, were contrary to the practices, policies, and directives of Respondent,

were not done in furtherance of Respondent's business interests, and were not ratified by Respondent.

**TWENTY-FIFTH DEFENSE**

Respondent took prompt, effective remedial action in response to any allegations of discrimination or retaliation.

**TWENTY-SIXTH DEFENSE**

Claimant's claims are barred to the extent they are the subject of any bankruptcy proceedings or adjudication, or to the extent Claimant has failed to disclose her claims in connection with any bankruptcy petition.

**TWENTY-SEVENTH DEFENSE**

Respondent alleges that if Claimant suffered any emotional distress (Respondent denies that Claimant suffered any such distress), Claimant's emotional distress was proximately caused by factors other than Respondent's actions, and any remedy to which Claimant might otherwise be entitled must be denied or reduced accordingly.

**TWENTY-EIGHTH DEFENSE**

Some of Claimant's claims are barred to the extent Claimant is not a qualified individual with a disability.

**TWENTY-NINTH DEFENSE**

Some of Claimant's claims are barred to the extent Claimant failed to avail herself of the opportunity, under Respondent's internal policies and procedures, to request reasonable accommodation of any alleged disability.

**THIRTIETH DEFENSE**

Some of Claimant's claims are barred to the extent Claimant failed to reasonably participate in the interactive process with respect to her alleged disabilities and purported need for accommodation.

**THIRTY-FIRST DEFENSE**

Some or all of Claimant's claims are barred to the extent Claimant is unable to identify an available position for which she is qualified and that she would be able to perform the essential functions of with or without reasonable accommodation.

**THIRTY-SECOND DEFENSE**

Some of Claimant's claims are barred to the extent any accommodation Claimant claims she was entitled to would be unreasonable, would present undue hardship for Respondent, or ignores the bona fide occupational qualifications of Claimant's position.

**RESERVATION OF RIGHTS**

Respondent will rely upon all proper defenses lawfully available to it that may be disclosed by evidence, and, accordingly, reserves the right to amend this Response to state such other defenses and/or to otherwise supplement this Response upon discovery of facts or evidence rendering such action appropriate.

**WHEREFORE**, Respondent respectfully requests that an award be entered in its favor and against Claimant, and that all costs and expenses of the defense of this proceeding, including reasonable attorneys' fees and whatever other relief the Arbitrator deems appropriate, be awarded to Respondent.

Dated: March 6, 2026

*/s/ Kellie A. Tabor*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

This is to certify that on March 6, 2026, a copy of the foregoing was served via e-mail on the following:


Amina M. Mack
The Mack Law Firm, PLLC
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
legal@themacklaw.com

*Attorneys for Claimant*


*/s/ Kellie A. Tabor*


Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*