JAMS Ref No: 5440009195

| | | |
|---|---|---|
| **CRISELDA BELL,** | ) | |
| | ) | |
| *Claimant,* | ) | |
| | ) | |
| v. | ) | **Hon. Myriam Lehr (Ret.)** |
| | ) | **Arbitrator** |
| **CISCO SYSTEMS, INC., ,** | ) | |
| | ) | |
| | ) | |
| *Respondent.* | ) | |
| | ) | |

# APPLICATION FOR CLARIFICATION OR SUPPLEMENTAL ORDER

## I. Introduction

1. Claimant respectfully submits this Application for Clarification or Supplemental Order regarding the Arbitrator's Order on Respondent's Motion to Dismiss and the subsequent Final Award entered on June 8, 2026.

2. This Application is not intended to relitigate the merits of the Motion to Dismiss or challenge the Arbitrator's authority to reach the conclusions set forth in the Order.

3. Claimant seeks clarification regarding whether a specific, separately presented equitable tolling argument-based on later-discovered information and allegedly evolving explanations for Claimant's separation-was considered and rejected, or deemed immaterial to the timeliness analysis.

## II. Need for Clarification

1. The Order concludes that the September 16, 2024 notification of Claimant's layoff was clear and unequivocal and therefore triggered the applicable filing period.

2. Claimant understands that conclusion, but Claimant's position throughout the proceedings was not limited to whether a layoff notice was received.

3. Claimant consistently argued that the explanation accompanying the layoff notice changed over time and that later discovery of information inconsistent with the original explanation affected Claimant's understanding of the basis for her separation.

4. Claimant maintained that:

    1. Her program was Renewal Plays.

    2. Renewal Plays was not the same program as Play for Points.

    3. Play for Points was owned by different employees and had been discontinued months before the September 2024 layoff.

    4. Following Claimant's layoff notification, the underlying work associated with Renewal Plays continued under a different label known as Campaigns.

    5. During Respondent's internal investigation and subsequent litigation filings, references were made to Play for Points as a basis for explaining Claimant's separation.

    6. Thereafter, Cisco job postings appeared referencing execution of Renewal Plays responsibilities after Claimant's separation.

5. Claimant summarized the sequence of explanations as: Renewal Plays → Campaigns → Play for Points → Renewal Plays job postings.

6. Claimant did not submit this sequence as proof that discrimination occurred, but as the factual basis for Claimant's equitable tolling argument and her contention that she did not immediately possess all information necessary to evaluate the true basis for her separation.

**III. Equitable Tolling Issue Presented**

1. This Application does not concern the continuing violation doctrine addressed in the Order.

2. Instead, it concerns Claimant's separate argument that later-discovered information regarding Renewal Plays, Campaigns, Play for Points, and subsequent Renewal Plays job postings affected Claimant's understanding of the stated basis for her separation.

3. In both her Statement of Claims and Opposition to Respondent's Motion to Dismiss, Claimant argued that information discovered after September 16, 2024 raised questions regarding the explanation originally provided for her termination.

4. Claimant further argued that these subsequently discovered facts were relevant to whether the limitations period should begin on September 16, 2024 or whether equitable tolling principles should apply.

5. The June 5 Order thoroughly addresses and rejects Claimant's continuing violation theory, but Claimant cannot determine from the face of the Order whether the separate equitable tolling argument based upon later-discovered information and evolving explanations was also considered and rejected.

6. Claimant respectfully requests clarification as to whether the Arbitrator determined:

   1. That the sequence involving Renewal Plays, Campaigns, references to Play for Points, and subsequent Renewal Plays job postings was considered and rejected as factually unsupported.

   2. That such facts were considered but deemed legally insufficient to support equitable tolling as a matter of law.

   3. That such facts were accepted as true for purposes of the Motion but deemed immaterial because they would not alter the conclusion that the filing period commenced on September 16, 2024.

   4. Some other basis not expressly discussed in the Order.

**IV. Purpose of Request**

1. Claimant submits this Application solely to ensure that the record accurately reflects the basis for the ruling.

2. Claimant notes that the Order discusses the continuing violation doctrine and identifies the timing of the alleged adverse employment actions, but Claimant cannot determine whether the separate argument concerning later-discovered information, allegedly evolving explanations, and the distinction between Renewal Plays and Play for Points was considered and rejected as part of the timeliness analysis.

3. Because those issues formed a central component of Claimant's equitable tolling argument, Claimant respectfully seeks clarification regarding whether those issues were considered and, if so, on what basis they were rejected.

4. Claimant believes such clarification would assist in ensuring that the record accurately reflects the scope of the Arbitrator's ruling and the arguments that were considered.

**V. Request for Relief**

1. Wherefore, Claimant respectfully requests that the Arbitrator:
    1. Accept this submission for the limited purpose of clarifying the record.
    2. Clarify whether Claimant's equitable tolling argument based upon the sequence involving Renewal Plays, Campaigns, references to Play for Points, and subsequent Renewal Plays-related job postings was considered and rejected.
    3. Clarify whether the Arbitrator determined that such facts, even if accepted as true, would not alter the conclusion that the applicable filing period commenced on September 16, 2024.
    4. Clarify whether the ruling was intended to reject both the continuing violation theory and the separate equitable tolling theory based on later-discovered information.
    5. Grant such other clarification as the Arbitrator deems appropriate.

Respectfully Submitted,

By: /s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)

**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com
Attorney for Claimant

## CERTIFICATE OF SERVICE

I certify that on 11th day of June 2026, I served a copy of the foregoing application for clarification or supplemental order on all counsel of record by [method of service / electronic filing system].

/s/ */s/Amina M. Mack, Esq.*
Amina M. Mack (NCSB No. 61390)
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: (984)-480-7147
legal@themacklaw.com

Attorney for Plaintiff