JAMS Ref No: 5440009195

| | | |
|---|---|---|
| **CRISELDA BELL,** *Claimant,* | ) ) | |
| vs. | ) ) | **Hon. Myriam Lehr (Ret.) Arbitrator** |
| **CISCO SYSTEMS, INC.,** *Respondent.* | ) ) ) | |

# ORDER ON CLAIMANT'S APPLICATION FOR CLARIFICATION OR SUPPLEMENTAL ORDER

Pending before the Arbitrator is Claimant's Application for Clarification or Supplemental Order [hereinafter "Application"]. After considering Claimant's submission, and being otherwise fully informed, it is hereby

**ORDERED** and **ADJUDGED** that:

By Order dated June 8, 2025, the Arbitrator concluded that Claimant Criselda Bell's EEOC charge was untimely with respect to all of the alleged adverse employment actions. Since Claimant's charge was filed beyond the mandatory 180-day deadline, the discrimination claims were dismissed. As stated in the Order, "no factual dispute exists regarding the timing of the discrete adverse employment actions that form the basis of Claimant's claims." O. at 11. The Order also concluded that the allegations in the Statement of Claims fail to establish a prima facie case of retaliation.

In the Application, "Claimant seeks clarification regarding whether a specific, separately presented equitable tolling argument-based on later-discovered information and allegedly evolving explanations for Claimant's separation-was considered and rejected, or

deemed immaterial to the timeliness analysis." Appl. at 1. In support of her request, Claimant references the allegedly changing names of the program in which she worked as support for "her contention that she did not immediately possess all information necessary to evaluate the true basis for her separation." *Id.* at 3.

Claimant's argument was considered and rejected as unsupported by case law. As the Fourth Circuit has stated, "the filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982). "The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.* Claimant has not identified any actions by Respondent satisfying this standard.

To the extent that Claimant requests clarification "as to whether the Arbitrator determined . . . [t]hat the sequence involving Renewal Plays, Campaigns, references to Play for Points, and subsequent Renewal Plays job postings was considered and rejected as factually unsupported," Appl. at 4, that sequence of events, even if factually supported, does not demonstrate a deliberate design on the part of Respondent that would cause Claimant to delay filing her charge of discrimination with the EEOC. Nor does the sequence of events identified by Claimant support a finding that the employer should unmistakably understood its actions would have caused Claimant to delay filing her charge. Therefore, Claimant has failed to identify any basis for her claim of equitable tolling. Even

if Claimant had been given no explanation for her termination, that lack of information would not satisfy the requirements for equitably tolling the deadline. *Huff v. Bd. of Governors of Univ. of N.C.*, 334 F. App'x 583, 584 (4th Cir. 2009) (denying application of equitable tolling where plaintiff "allege[d] that the Employer deliberately delayed stating the reasons for the termination of her employment, so that she was unable to 'obtain vital information bearing on the existence of her claim'").

Claimant had clear notice of her termination on September 16, 2024. In the absence of any basis for equitably tolling the deadline, Claimant was required to file her charge of discrimination with the EEOC within 180 days of that date. Since she did not do so, her charge of discrimination was untimely.

The undersigned Arbitrator has considered and resolved all the issues and arguments raised by the parties on this motion, including those not explicitly addressed herein. Any arguments not addressed here were found to be unavailing, without merit, academic, or unnecessary to reach.

SO ORDERED this 22 day of June, 2026.

Hon. Myriam Lehr Arbitrator

Copies furnished to all parties by JAMS