**JAMS ARBITRATION**
**REF NO. 5440009195**

| | | |
|---|---|---|
| **CRISELDA ANGELA BELL,** | ) | |
| | ) | |
| *Claimant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | CLAIMANT'S WITNESS LIST |
| **CISCO SYSTEMS, INC.** | ) | |
| | ) | |
| | ) | |
| *Respondent.* | ) | |
| | ) | |

Claimant Bell ("Claimant") submits this Witness List for the arbitration administered by JAMS and governed by North Carolina jurisdiction, and reserves the right to supplement or amend this list in accordance with the applicable JAMS rules, the Scheduling Order, and any rulings of the Arbitrator.

Unless otherwise indicated, each witness may testify live at the evidentiary hearing and/or by sworn deposition, sworn affidavit, or recorded testimony, subject to the Arbitrator's orders and the parties' stipulations.

## PRIORITY 1: WITNESSES FOR SWORN DEPOSITION

**John Struempf (Vice President, Cisco)**

1. Substance of testimony: Testimony to resolve factual inconsistencies regarding the elimination of Claimant's role and his knowledge of Claimant's work, including statements made in a recorded All-Hands meeting around April/May 2024 concerning

discontinuation of play for points and promotion of renewal plays which Claimant contends contradicts Cisco's stated layoff rationale.

2. Direct involvement and knowledge: Testimony regarding his use of Claimant's program roadmap for global planning and his request that Claimant present play for points virtually to the Asia theater alongside his Chief of Staff, Jackie Sobel.
3. Asia virtual presentation (late 2023): Testimony regarding the late 2023 APJC presentation (approximately 9:00 p.m. EST) and the recorded call reflecting Claimant and Jackie Sobel in the meeting.
4. Role viability: Testimony regarding authorization of renewals manager job postings requiring execution of renewal plays including postings identified by Claimant as appearing between December 2025 and February 2026.

**Jessica Siegel (HR Investigator, Cisco)**

1. Substance of testimony: Testimony regarding the scope, conduct, and completeness of the internal investigation, including whether it was conducted in good faith or was pretextual.
2. Investigation file and witness handling: Testimony and production regarding investigative notes, the witness list Claimant provided, which witnesses were interviewed or not interviewed, reasons for any omissions, and efforts to contact witnesses.
3. Adequacy of findings and timing: Testimony regarding the investigation's treatment of the distinction between "Play for Points" and "Renewal Plays," alleged rebranding to "Campaigns," and the timing of "no wrongdoing" findings at approximately 6:00 p.m. EST on September 8 and Claimant's termination the morning of September 9.

## PRIORITY 2: FACT WITNESSES FOR SWORN AFFIDAVIT OR RECORDED TESTIMONY

Claimant identifies the individuals below as current or former Cisco employees with direct knowledge of relevant facts, and states she does not have access to their personal contact information.

Claimant requests coordination for current employees through Cisco's counsel and disclosure of last-known contact information for former employees to facilitate subpoenas as permitted under the North Carolina Revised Uniform Arbitration Act.

**Lucy Shepherd (Former Manager)**

1. Substance of testimony: Testimony that John Struempf requested Claimant's presence for the Asia presentation; that Lucy Shepherd provided Claimant's roadmap to John; that Claimant's performance was high (130% IPF); and knowledge regarding Claimant's IVF treatments, embryo transfer preparation, and Claimant's grievance about another employee encroaching on her program.
2. Format: Sworn affidavit (UK-based).

**Sara Starr (Former Manager of Lucy Shepherd)**

1. Substance of testimony: Testimony regarding reporting structure under John Struempf and knowledge of Claimant's fertility treatments/IVF status prior to the layoff.
2. Format: Sworn affidavit.

**Jackie Sobel (Chief of Staff to John Struempf)**

1. Substance of testimony: Testimony confirming the late 2023 recorded virtual presentation in Asia and direct communications with Claimant, including that Claimant was requested to present play for points as the rewards program tied to renewal plays and testimony relevant to Claimant's contention that this contradicts claims that John Struempf did not know Claimant.
2. Format: Sworn affidavit.

**[Witness 1] and/or [Witness 2] (Former Teammates)**

1. Substance of testimony: Testimony that they owned the play for points program (not Claimant) and that their program was discontinued months before the September layoffs.
2. Format: Sworn affidavit.

**[Witness 3] ; [Witness 4] ; [Witness 5] ; [Witness 6] ; [Witness 7] ; [Witness 8] ; Joe Moran; Bryan Metelski; Patrice Touboul (Coworkers)**

1. Substance of testimony: Testimony that Claimant led renewal plays (not play for points) and that the work was rebranded as campaigns led by Ree Singh and Erin Jurgens after the layoff.
2. Format: Sworn affidavit.

**Erin Jurgens and Ree Singh (Coworkers)**

1. Substance of testimony: Testimony regarding their involvement in Claimant's program and their subsequent leadership of the rebranded "Campaigns" program after Claimant's layoff notification.
2. Format: Sworn affidavit.

**[Witness 9] (Former Coworker)**

1. Substance of testimony: Testimony regarding knowledge that Claimant was pregnant and had complained about Erin Jurgens encroaching on Claimant's program.
2. Format: Sworn affidavit.

**[Witness 10] (Coworker)**

1. Substance of testimony: Testimony regarding knowledge of Claimant's IVF and confirmation that Claimant led renewal plays not play for points.
2. Format: Sworn affidavit.

**Samira Haddad (HR Representative)**

1. Substance of testimony: Testimony regarding communications about maternity benefit eligibility, including the requirement Claimant understood as needing to remain employed until delivery to receive benefits, and that only COBRA (until the baby is 6 months old) was proactively offered rather than full maternity benefits.
2. Format: Sworn affidavit.

[ Comparator Employee] (Former Employee)

1. Substance of testimony: Comparative testimony regarding disparate treatment, including that she was white, under 40 years old, and was guaranteed paid maternity leave when notified of layoff because her due date fell within a 60-day window, whereas Claimant's was initially denied.
2. Format: Sworn affidavit.

**[Witness 11] (John Struempf's Newsletter Lead)**

1. Substance of testimony: Testimony confirming Claimant led renewal plays and knowledge of Claimant's pregnancy.
2. Format: Sworn affidavit.

**<u>PRIORITY 3: EXPERT AND MEDICAL WITNESSES SWORN AFFIDAVIT</u>**

**[ Physician 1](Claimant's OBGYN, [ Redacted - Name of Clinic 1]**

1. Substance of testimony: Medical testimony regarding Claimant's high-risk pregnancy and Claimant's asserted link between layoff/benefit stress and mental health prescriptions (Vistaril/Sertraline), including referral to [Redacted - Name of Clinic 2] (perinatal mental health).
2. Format: Sworn affidavit.
3. Contact information (as currently known to Claimant): [REDACTED Contact Information]

**[ Therapist Name] (Claimant's [Redacted - Name of Clinic 2] Therapist)**

1. Substance of testimony: Testimony regarding Claimant's asserted trauma caused by the layoff and mental health impacts of 6-week renewal disability cycles.
2. Format: Sworn affidavit.
3. Contact information (as currently known to Claimant): [REDACTED Contact Information]
4.

**[Physician 2](Claimant's GP)**

1. Substance of testimony: Testimony regarding Claimant's baseline mental health, including Claimant's asserted lack of prescription drug needs for mental health in the last 5 years, offered to support Claimant's damages causation contentions.
2. Format: Sworn affidavit.
3. Contact information (as currently known to Claimant): [REDACTED Contact Information]

**PRIORITY 4: PLACEHOLDERS FOR DISCOVERY / TO BE IDENTIFIED**

1. Hiring Manager and/or Recruiter for Cisco
2. Substance of testimony: Testimony regarding continued use of renewal plays in job descriptions and staffing needs for the program Claimant previously led, once the individual(s) are identified.
3. Format: Sworn affidavit (once identified).

Claimant reserves the right to call any witness identified by Respondent, any witness necessary for rebuttal or impeachment, and any witness whose identity becomes known through discovery or subpoena compliance, subject to the Arbitrator's Scheduling Order and applicable JAMS rules.

Claimant further reserves the right to amend the format of testimony (live, deposition, affidavit, or recorded testimony) based on witness availability, subpoena enforcement, and the Arbitrator's rulings.

/s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com

Attorney for Claimant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via email to the counsel of record on April 14, 2026.

Kelly Walker
Littler
620 South Tryon Street, Suite 950
Charlotte, NC 28202
KeWalker@littler.com

Kellie Tabor
Littler
620 South Tryon Street, Suite 950
Charlotte, NC 28202
KTabor@littler.com

Attorneys for Respondent

/s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com

Attorney for Claimant