**JAMS Ref No: 5440009195**

| | | |
|---|---|---|
| **CRISELDA BELL,** *Claimant,* | ) | |
| **vs.** | ) | **Hon. Myriam Lehr (Ret.)** **Arbitrator** |
| **CISCO SYSTEMS, INC.,** *Respondent.* | ) | |

## FINAL AWARD

The parties to this arbitration are identified in the caption and are represented as follows:

**Claimant's Counsel**

Mack Law Firm, PLLC

Amina Mack
4242 Six Forks Road
Ste. 1550
Raleigh, NC 27609

**Respondent's Counsel**

Littler Mendelson

Kellie Tabor
600 University St.
Suite 3200
Seattle, WA 98101

Kelly Walker
620 South Tryon Street
Suite 950
Charlotte, NC 28202

**Arbitrator**

Hon. Myriam Lehr (Ret.)
JAMS
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3600
Miami, FL 33131

**Case Manager**

Diana Tkaczuk
JAMS
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3600
Miami, FL 33131

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Mutual Agreement to Arbitrate, entered into between the parties on March 4, 2022, and having examined the submissions, proof and allegations of the parties, finds, concludes and issues this Final Award as follows:

On February 8, 2026, Claimant Criselda Bell filed a demand for arbitration with JAMS. On February 20, 2026, Claimant filed a corrected Statement of Claims. In her corrected Statement of Claims, filed on February 20, 2026, Claimant alleges six counts arising from her termination from Respondent Cisco Systems, Inc.:

1. Discrimination based on sex and pregnancy;
2. Discrimination based on age;
3. Discrimination based on disability;
4. Failure to provide reasonable accommodations;
5. Discrimination, based on race; and
6. Retaliation.

In response, Respondent filed a Response to Claimant's Demand and Motion to Dismiss, which included a general denial of all allegations and thirty-two affirmative defenses.

On May 4, 2026, the Arbitrator heard oral argument on the Motion to Dismiss, after which Claimant submitted four additional pieces of evidence. On June 5, 2026, the Arbitrator entered an order concluding that, with respect to her claims of discrimination, Claimant had failed to timely file her charge of discrimination with the EEOC and, with respect to her claim of retaliation, had not only failed to demonstrate the element of causation, but could never demonstrate causation since the alleged adverse employment action occurred prior to the date she engaged in a protected activity. Based on these conclusions, the Arbitrator granted Respondent's Motion to Dismiss the Demand.

**AWARD**

This award resolves all issues submitted for decision in this Proceeding.

This Arbitrator's Award is as follows:

1. Claimant Criselda Bell is awarded nothing.
2. Respondent Cisco Systems, Inc. is awarded nothing.
3. The arbitration is hereby concluded and the case shall be closed.

SO ORDERED this 8 day of June, 2026.

Hon. Myriam Lehr Arbitrator

Copies furnished to all parties by JAMS