**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Petitioner,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | Civil Action No. 5:26-CV-00555-M<br><br>**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S PETITION TO VACATE ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 10** |

# EXHIBIT A

**JAMS ARBITRATION**

**CASE NO.: 5440009195**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Claimant,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | **FINAL HEARING:**<br><br>**November 3-5, 2026**<br><br>**(Tuesday – Thursday)** |

**STIPULATED REVISED REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER NO.1**

On March 27, 2026, the arbitrator presided over a Zoom preliminary conference on this matter. Appearing on the Zoom conference call were attorney for Claimant, Criselda Bell, and attorney for Respondent, CISCO Systems, Inc. As a result of the preliminary hearing, the arbitrator is entering this scheduling order respecting the conduct of this arbitration:

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as follows:

**Claimant's Counsel:**
Amina M. Mack
The Mack Law Firm, PLLC
4242 Six Forks Road
Suite 1550
Raleigh, NC 27609
legal@themacklaw.com

**Respondent's Counsel:**
Kellie A. Tabor
Kelly A. Walker
Littler Mendelson P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
ktabor@littler.com
kewalker@littler.com

2. Case Manager.

Diana Tkaczuk
JAMS
Senior Case Manager
2 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Tel: 786.405.0637
dtkaczuk@jamsadr.com

3. Agreement to Arbitrate.

On or about March 4, 2022, the parties entered into an agreement entitled "Mutual Agreement to Arbitrate" [hereinafter "Agreement"].

The parties stipulate that the matters before the tribunal are arbitrable.

4. Venue of the Arbitration.

The Agreement provides, "[t]he arbitration shall take place in the location of my choice, either: (a) the JAMS office closes to where I live, or (b) the JAMS office closest to the Company office where I work or last worked. If JAMS does not have an office close to where I live or the Company office where I work or last worked, then the arbitration will be administered by a retired judge of the American Arbitration Association, using the JAMS Rules."

The parties stipulate that the final hearing will be conducted via Zoom tele-video.

5. Applicable Law and Rules.

a. Procedural Rules: The Agreement provides, "[t]he arbitration will be administered by JAMS in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration; however to the extent any part of this Agreement is inconsistent with the JAMS Rules, the Agreement controls." The parties stipulate that the JAMS Employment Rules & Procedures, effective June 1, 2021 [hereinafter "Rules"] will govern the procedure of this arbitration.

b. Substantive Law: The Agreement provides, "[t]he Federal Arbitration Act shall govern the interpretation and enforcement of this Agreement. If the Federal Arbitration Act is inapplicable for any reason, then the arbitration law of the State in which I work or last worked for the Company shall apply. For claims subject to arbitration, the Arbitrator will apply the substantive law of the State in which I work or worked, or federal law, or both, as applicable."

The parties stipulate that federal substantive law will govern any federal claim and issues. To the extent federal is interpreted by courts within the Fourth Circuit, the parties may look to controlling Fourth Circuit precedent and, where applicable, decisions of the United States District Court for the Eastern, Middle, Western District of North Carolina as persuasive authority.

6. Claims of the Parties.

Claimant's allegations: On or about January 23, 2026, Claimant filed her Demand for Arbitration against Respondent with JAMS. Claimant contends Respondent is liable to her for damages under the following six (6) legal theories arising from termination from employment:

1. Discrimination – Sex and Pregnancy
2. Discrimination – Age
3. Discrimination – Disabilities
4. Failure to provide reasonable accommodation
5. Discrimination – Race; and
6. Retaliation

Claimant is seeking monetary and non-monetary relief.

Claimant is seeking an award of costs, fees, and any relief deemed just and equitable.

Respondent's allegations: Respondent shall have until March 30, 2026 to file Respondent's Reply in Further Support of its Motion to Dismiss.

7. Discovery.

a. Exchange of Information: The Agreement provides, "[i]n accordance with the JAMS Rules, the Company and I will jointly agree on the extent and timeframe of discovery, including the exchange of documents and information and the number, time, location and duration of depositions. Any discovery disagreements will be determined by the Arbitrator." Accordingly, discovery shall be conducted in accordance with the applicable Rules. The arbitrator encourages both parties to Bates stamp the discovery as it is exchanged.

b. Documents/Items to be Exchanged Between the Parties: Discovery is governed in accordance with JAMS Rules. However, the parties shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witnesses at the Arbitration Hearing and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report, which may be introduced at the Arbitration Hearing, within sixty (60) calendar days after the entry of the April 1, 2026 Order.

c. Subpoenas: Should either party require a subpoena for individuals or documents or items in the possession, custody or control of a third person, the arbitrator will issue one, if appropriate.

If the subpoena requires the production of documents by a third person/entity, the requesting party shall first submit the subpoena to the opposing party to see if there is any objection to it. If there is an objection, the matter should be placed before the tribunal for a decision, forthwith. If there is no objection, the document shall be submitted to the arbitrator for review, and if proper, issuance.

d. Depositions: The Agreement provides states that the parties "will jointly agree on the extent and timeframe of discovery . . . including the number, time, location, and duration of depositions."

Notwithstanding, the tribunal finds that each side may take two depositions, inclusive of the parties. Upon a showing of good cause, additional depositions may be permitted by the tribunal.

e. Interrogatories: Parties agree to 15 interrogatories and 15 requests for production.

f. Depositions by Zoom: If a party desires, any witness' deposition may be taken and recorded via Zoom, FaceTime, or by some other similar platform.

g. Dispositive Motions: All dispositive motions shall be filed with the tribunal no later than thirty (30) days prior to the commencement of the final hearing. Any party opposing a dispositive motion shall have ten (10) days after it was filed in which to file its opposition with the tribunal, which may include briefs, depositions, sworn affidavits, etc. The filing party shall have ten (10) days after the Response in Opposition is filed in which to file a Reply brief in support of its Dispositive Motion.

8. Further Status Conferences.

There will be a telephonic status conference before the arbitrator on:

**5/4/2026 – Hearing on Motion to Dismiss – via ZOOM video**

Either the arbitrator or the parties may set further status conferences or hearings as needed.

9. Prehearing Briefs.

a. The parties, if they desire, may file prehearing briefs. The briefs will consist of a concise written statement of the facts and the applicable law, as understood by the submitting party, and are limited to no more than fifteen (15) pages. Briefs may include copies of any evidence that the submitting party is relying upon in prosecuting/defending the claim. The attached evidence will not count towards the page limit.

b. Prehearing briefs shall be filed with the arbitrator no later than seven (7) days prior to the date of the final hearing.

10. Witness (fact and expert) Disclosure.

a. The parties shall exchange a list of all fact and expert witnesses no later than fifteen (15) days from the date of this order. The list shall include for each witness:

i. The name, address, phone number, and email address of the witness;

ii. The substance of the witness' testimony; and

iii. A statement of whether the witness will testify in person, by sworn deposition, or by affidavit.

b. Upon a showing of good cause, and so long as there isn't any unfair prejudice to the opposing party, either party may move to add additional fact witnesses outside of the time constraints herein.

c. Each party has a continuing duty to update the fact witness list as new witnesses are discovered.

d. All witness subpoena requests shall be made to the arbitrator in a timely fashion to insure there is adequate time to serve the witness in advance of the final hearing.

e. Each party is urged to Bates stamp their own exhibits for use at final hearing.

f. The arbitrator encourages the parties to create searchable PDFs for all the exhibits the parties intend to use at the final hearing.

g. At least seven (7) days before the commencement of the final hearing, the parties shall exchange all exhibits they *intend* to use at the final hearing.

11. Final Hearing Procedure.

a. Time and Place: The arbitrator will set aside three (3) days in which to conduct the final hearing, including arguments and summations. The final hearing shall take place on:

November 3-5, 2026 (Tuesday – Thursday)

All proceedings during the final hearing shall commence each day at 9:30 a.m. EST and continue until determined by the arbitrator. By stipulation of the parties, the final hearing will take place via Zoom tele-video.

b. Form of Testimony: All witnesses are to present their testimony via Zoom or other similar platform. In lieu thereof, the parties may present witness depositions and/or their affidavits to the tribunal.

c. Stipulations: In an effort to reduce the costs of these proceedings, the parties are encouraged to stipulate to uncontested facts and law and provide them to the arbitrator in hard copy no later than fifteen (15) days prior to the commencement of the final hearing.

d. Evidence: The parties stipulate that *all* evidence will be admissible, and that the tribunal will accord the evidence the weight, if any, it deserves.

12. Court Reporter.

If only one party requests a court reporter, then the requesting party is responsible for the court reporter's appearance fee. If multiple parties request a court reporter for the final hearing, then the requesting parties are equally responsible for the court reporter's appearance fee. A party that orders a transcript is solely responsible for its cost.

13. Award.

The parties agree that the tribunal will issue a reasoned award.

The parties also stipulate that the tribunal may retain the services of a law clerk to assist the tribunal during hearings, drafting orders, awards, etc. Using the services of a law clerk is frequently more cost effective than relying solely upon the arbitrator to draft all documents.

14. Post-hearing Submissions.

a. Date Due and Page Limitations: No later than fifteen (15) days after the final hearing is completed, the parties may present the arbitrator with post-hearing submissions/memos. Each submission shall not be longer than fifteen (15) pages in length. However, there is no limit on the number of exhibits that may be attached to each submission/memo.

Regardless of the time constraints set forth herein upon the filing of a motion requesting additional time, the arbitrator will extend the time upon a showing of good cause, i.e., party is waiting for a transcript.

b. Substance: The parties' submissions may include proposed findings of fact and conclusions of law, which the tribunal will treat as an exhibit which does not count towards any page limitations.

15. Miscellaneous.

a. Communication with the Arbitrator: Either party may communicate in writing directly with the arbitrator at mlehr@jamsadr.com. However, the party initiating the communication shall simultaneously copy the opposing party and the JAMS' case manager.

b. Cancellation fee of the Arbitrator: The parties are reminded to acquaint themselves with the JAMS cancellation policy involving the payment of arbitrator fees and expenses in the event a hearing is cancelled within sixty (60) days of its scheduled time.

c. Deadlines: All deadlines herein shall be strictly enforced. A party that has failed to meet a deadline and that is seeking relief shall file a motion setting forth good

cause and specifying the relief sought. If good cause is demonstrated, the arbitrator is empowered to grant the party's requested relief.

**The parties may alter the deadlines set forth in this scheduling order as they pertain to discovery. To be enforceable, all agreements between the parties shall be in writing and acknowledged by the opposing counsel. The dates and times set for status conferences and the final hearing cannot be altered or modified without the written consent of the tribunal.**

d. Continuances: Neither party is precluded from seeking a continuance for good cause shown.

This order shall continue in effect unless and until amended by a subsequent order.

Entered this 21st day of April 2026.

Myriam Lehr

Myriam Lehr
Arbitrator