**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Petitioner,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | Civil Action No. 5:26-CV-00555-M-RN<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO STAY ORDER FOR DISCOVERY PLAN, RELATED DEADLINES, AND DISCOVERY PENDING RESOLUTION OF PETITIONER'S PETITION TO VACATE ARBITRATION AWARD** |

The Parties hereby submit this Memorandum of Law in Support of their Joint Motion to Stay Order for Discovery Plan, Related Deadlines, and Discovery Pending Resolution of Petitioner's Petition to Vacate Arbitration Award Pursuant to 9 U.S.C. § 10 (ECF No. 1, the "Petition to Vacate"). In support of the Joint Motion to Stay, The Parties state as follows:

## I. INTRODUCTION

This action presents a threshold question that may dispose of the case without discovery: whether the Court should vacate the Arbitrator's dismissal of Ms. Bell's claims and award in favor of Respondent Cisco Systems, Inc. ("Cisco"). Cisco's Response in Opposition to the Petition to Vacate (the "Response") sets forth its position that Petitioner Angela Bell ("Ms. Bell") has not established any statutory basis to disturb the Arbitrator's decision and why the Court should deny the Petition to Vacate. (*See generally,* ECF No. 9).

If the Court denies the Petition to Vacate, no claims will remain for discovery. Requiring the parties to conduct a Rule 26(f) conference, prepare a discovery plan, exchange initial disclosures, and begin discovery before the Court resolves the Petition to Vacate would therefore impose potentially unnecessary costs and burdens on both Parties. A limited stay would preserve the Parties' and the Court's resources while causing no material prejudice to either Party. The

Parties accordingly request that the Court stay the September 22, 2026, Order for Discovery Plan (the "Discovery Order"), all related deadlines, and all discovery pending resolution of the Petition to Vacate.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Bell initiated arbitration against Cisco pursuant to the parties' Arbitration Agreement and asserted employment-related discrimination and retaliation claims. (*See* ECF No. 1-5, ECF No. 1-6, ECF No. 1-9). Cisco moved to dismiss those claims. (ECF No. 1-7). After briefing, oral argument, and an additional opportunity for Ms. Bell to supplement the record, the Arbitrator granted Cisco's Motion to Dismiss on June 8, 2026. (ECF No. 1-9). The Arbitrator concluded that Ms. Bell failed to timely exhaust her administrative remedies and failed to state a *prima facie* retaliation claim. (*Id.* at 8-12).

Ms. Bell subsequently requested clarification concerning her discovery-rule tolling argument. (ECF No. 1-10). On June 22, 2026, the Arbitrator issued an Order on Claimant's Application for Clarification or Supplemental Order confirming that she had considered and rejected Ms. Bell's discovery-rule tolling argument as "unsupported by case law." (ECF No. 1-11 at 2).

Ms. Bell then filed the present Petition to Vacate. (ECF No. 1). Cisco filed its Response on September 18, 2026, requesting that the Court deny the Petition to Vacate and affirm the Arbitrator's decision. (ECF No. 9). On September 22, 2026, the Court entered the "Discovery Order", directing Ms. Bell and Cisco to engage in a Rule 26(f) conference by October 22, 2026, and to submit a Discovery Plan and serve mandatory Rule 26(a)(1) initial disclosures within fourteen (14) days of the 26(f) Conference. (ECF No. 10). The Parties now jointly seek a stay of those requirements and all discovery until the Court resolves the Petition to Vacate.

## III. LAW AND ARGUMENT

### A. The Court Has Broad Discretion to Stay Discovery and Related Deadlines.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Maryland v. Inv. Elecs., Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

In determining whether to grant a stay, courts must exercise judgment by "weigh[ing] competing interests and [seeking to] maintain an even balance." *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967) (citing *Landis*, 299 U.S. at 254-55). Relevant considerations include "inconvenience, loss of time, expense, judicial economy, the hardship and inequity on the moving party if the case is not stayed, and the potential prejudice on the non-moving party if the case is stayed." *Middlesex Ins. Co. v. Doyle Dickerson Terrazzo, Inc.*, No. 3:19-cv-00492-GCM, 2021 WL 3667124, at *3 (W.D.N.C Aug. 18, 2021) (citing *Amdur*, 372 F.2d at 106; *Henry v. N.C. Acupuncture Lic. Bd.*, No. 1:15CV831, 2017 WL 401234, at *8 (M.D.N.C. Jan. 30, 2017)). Each consideration favors a limited stay here.

### B. The Summary and Limited Nature of Post-Arbitration Review Supports a Stay.

Judicial review of an arbitration award is exceptionally limited. As the Fourth Circuit has explained, "[c]onvincing a federal court to vacate an arbitral award is a herculean task." *Warfield v. Icon Advisers, Inc.*, 26 F.4th 666, 669 (4th Cir. 2022). Indeed, judicial review of an arbitrator's decision "'is among the narrowest known at law[,] because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the

avoidance of the expense and delay associated with litigation.'" *Id.* (quoting *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998)).

Consistent with that narrow scope of review, discovery is generally "unwarranted in post-arbitration review proceedings, as those proceedings are intended to be summary in nature." *Weirton Med. Ctr., Inc. v. QHR Intensive Res., LLC,* No. 5:15CV131, 2016 WL 2766650, at *9 (N.D.W. Va. May 12, 2016), *amended on other grounds*, No. 5:15CV131, 2016 WL 4435242 (N.D.W Va. Aug. 19, 2016), and *affirmed*, 682 F. App'x 227 (4th Cir. 2017) (citing *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) and *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898 (2d Cir. 1991)).

Courts therefore have the "'discretion to deny discovery'" in proceedings involving review of arbitration awards. *Wichard v. Suggs*, 95 F. Supp. 3d 935, 948 (E.D. Va. 2015) (quoting *Lyeth*, 929 F.2d at 898). Accordingly, "discovery in post-arbitration review proceedings is typically limited, or not necessary at all, given the deference this Court owes the arbitrator's findings of fact and conclusions of law." *Id.* (internal citations omitted). This is because "any discovery would needlessly protract a proceeding that is intended to be summary in nature, and thus defeat the purpose of the binding arbitration provision. . . ." *Id.* (citing *Apex Plumbing*, 142 F.3d at 193; *Taylor*, 788 F.2d at 225).

These principles strongly support a stay here. Ms. Bell's Petition to Vacate seeks to vacate the arbitration award. (ECF No. 1). Cisco's Response argues that Ms. Bell has not established manifest disregard or any basis for vacatur under 9 U.S.C. § 10, and that the Arbitrator's Award should be confirmed. (ECF No. 9). Because proceedings to confirm or vacate arbitration awards are intended to be summary in nature and are ordinarily resolved on the existing arbitration record, discovery is typically unnecessary. *See Weirton*, 2016 WL 2766650, at *9; *Wichard*, 95 F. Supp.

3d at 948. Indeed, allowing discovery in these circumstances would frustrate the very purpose of arbitration by introducing the expense, delay, and burdens that arbitration is designed to avoid. Given the limited scope of review and the summary nature of vacatur proceedings, the Court can determine whether the Award should be vacated based on the existing arbitration record. Requiring the parties to engage in Rule 26 discovery now would unnecessarily expend both party and judicial resources on proceedings that may never become necessary.

**C. A Stay Will Promote Judicial Economy and Avoid Potentially Unnecessary Expense.**

If the Court denies the Petition to Vacate, this action will be resolved in its entirety without the need for discovery. Cisco's Response argues Ms. Bell has not established any basis for vacatur under 9 U.S.C. § 10 and that the Arbitrator's Award should be upheld. (ECF No. 9). If the Court agrees, there will be no claims remaining for litigation, no basis for further proceedings, and no need for discovery.

Requiring the parties to conduct a Rule 26(f) conference, prepare and submit a discovery plan, exchange initial disclosures, and potentially engage in discovery before the Court resolves the Petition to Vacate would therefore risk expending significant resources on activities that may prove entirely unnecessary. This concern is particularly acute here because petitions to confirm or vacate arbitration awards are ordinarily resolved on the existing arbitration record and do not require the broad discovery typically associated with civil litigation. *See Weirton*, 2016 WL 2766650, at *9; *Wichard*, 95 F. Supp. 3d at 948. Staying discovery pending resolution of the Petition to Vacate will allow the Court to determine whether any further proceedings are necessary before imposing litigation obligations on the parties.

**D. Denying a Stay Would Impose Unnecessary Burdens on the Parties.**

Allowing discovery to proceed while the Petition to Vacate remains pending would impose

substantial and potentially unnecessary burdens on the Parties. Arbitration is intended to provide an efficient and streamlined alternative to litigation, and judicial review of arbitration awards is correspondingly narrow and summary in nature. *See Warfield*, 26 F.4th at 669; *Wichard*, 95 F. Supp. 3d at 948. Requiring the parties to engage in discovery before the Court determines whether there is any basis to disturb the Arbitrator's Award would undermine those principles and impose costs that arbitration is designed to avoid.

Moreover, because the Court's review is generally limited to the arbitration record and the grounds asserted under Section 10 of the FAA, discovery is unlikely to aid resolution of the Petition to Vacate. *See Wichard*, 95 F. Supp. 3d at 948. Thus, absent a stay, the Parties would be required to incur litigation expenses and discovery-related burdens despite the possibility that the Petition to Vacate will be denied and the Arbitrator's Award upheld. The Court should avoid imposing those unnecessary costs before resolving the threshold issue currently before it.

**E. A Limited Stay Will Not Materially Prejudice either Party.**

Importantly, the Parties face minimal—if any—prejudice from a stay. The stay will not prevent the Parties from presenting their arguments concerning vacatur or prevent the Court from promptly resolving the Petition on its merits.

Indeed, both Parties would similarly benefit from avoiding the burden and expense of participating in discovery that may prove unnecessary. If the Court grants the Petition to Vacate and further proceedings become appropriate, the parties can conduct the Rule 26(f) conference, submit a discovery plan, exchange initial disclosures, and proceed with discovery at that time. The limited stay therefore preserves the Parties' ability to pursue further proceedings while avoiding potentially wasteful discovery in the interim.

In sum, a stay of all deadlines and discovery pending resolution of Ms. Bell's Petition to

Vacate is both prudent and equitable. It protects the Parties from unnecessary litigation costs and promotes efficient case management without compromising Ms. Bell's ability to pursue her claims should her Petition to Vacate be granted. Both Parties have agreed that a stay is appropriate, further confirming that no party will suffer prejudice from the limited relief requested herein.

## IV. CONCLUSION

For these reasons, the Parties respectfully request that the Court stay its September 22, 2026, Order for Discovery Plan (ECF No. 10), all deadlines arising from that Order, and all discovery pending resolution of Ms. Bell's Petition to Vacate.

Respectfully submitted this 30 day of September, 2026.

Criselda Angela Bell
1232 Harp St.
Raleigh, NC 27604

*Petitioner Pro Se*

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## WORD COUNT CERTIFICATION

I, Kellie A. Tabor, certify that the Parties' Memorandum of Law in Support of its Motion to Stay complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 8,400 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

*/s/ Kellie A. Tabor*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on ~~September 30~~ October 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served via email and U.S. Mail upon the following *pro se* Petitioner:

Criselda Angela Bell
criselda.monteza@gmail.com
1232 Harp Street
Raleigh NC 27604

*Petitioner Pro Se*

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*