IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-00555-M

**Criselda Angela Bell,**

Plaintiff,

v.

**Cisco Systems, Inc.**,

Defendant.

**Order**

This matter comes before the court on parties' joint motion to stay discovery. D.E. 12. It requests the court stay the Order for a discovery plan and associated deadlines until the court resolves the pending petition to vacate the arbitration award (D.E. 1). *Id*. Proceedings on petitions to vacate arbitration awards generally require no discovery as they are ordinarily decided on the arbitration record. *Id*. So the time and expense attendant to discovery may be unnecessary.

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the

motion, or here, the petition to vacate, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports staying discovery. Until the court disposes of the pending petition to vacate Plaintiff filed, it is uncertain what discovery, if any, may be required. The resolution of the petition may narrow discovery or eliminate its need entirely. And the pending petition to vacate appears to require no discovery for the court to decide it.

Plaintiff has set forth reasonable arguments in support of her petition to vacate. And the Defendant's response in opposition offers similarly plausible contentions. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant or deny the pending petition to vacate. It is possible that its disposition may affect the time and resources devoted to discovery. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses until the court decides the petition to vacate.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court grants the motion to stay (D.E. 12). It orders that, unless they agree otherwise, the Rule 26(f) conference, submission of a Rule 26(f) report, entry of a Scheduling Order, and any discovery are postponed until the court resolves the pending petition to vacate. If

any claims survive after the petition to vacate is resolved, the parties must confer and submit a Rule 26(f) report within 14 days from the entry of the order on the petition to vacate.

Dated: October 5, 2026

Robert T Numbers II

Robert T. Numbers, II
United States Magistrate Judge