**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Petitioner,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | Civil Action No. 5:26-CV-00555-M-RN<br><br>**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PETITIONER'S REPLY, OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY** |

Respondent Cisco Systems, Inc. ("Cisco"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) and LCvR 7.2(f)(2)(c) of the Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina ("Local Civil Rules"), hereby submits this Memorandum of Law in Support of its Motion to Strike Portions of Petitioner Criselda Angela Bell's ("Ms. Bell") Reply in Further Support of Petition to Vacate and Opposition to Cross-Motion to Confirm (ECF No. 11, the "Reply"). Specifically, Cisco requests that the Court strike: (1) the portions of the Reply that exceed the ten-page limit imposed by the Local Civil Rules; and (2) the new argument raised for the first time in the Reply. Alternatively, Cisco requests leave to file the attached Sur-Reply addressing the newly raised argument.

## I. LEGAL STANDARD

### A. The Court Has Inherent Authority to Strike Arguments Made for the First Time in a Reply Brief.

The Court possesses inherent and " 'ample authority to strike arguments made for the first time in a reply brief.'" *Peterman v. Ramod Brewers, LLC*, No. 4:21-CV-00156-M, 2025 WL 1296216, at *5 (E.D.N.C. May 5, 2025) (quoting *Penguin Restoration v. Nationwide Mut. Ins., Co.*, No. 5:13-cv-63-BO, 2014 WL 715123, at *2 (E.D.N.C. Feb. 21, 2014); citing *L.P. by and through J.P. v. Wake Cnty. Bd. of Educ.*, No. 5:20-cv-481-BO, 2021 WL 5936219, at *2 (E.D.N.C.

Dec. 15, 2021)). The Local Civil Rules contemplate an orderly briefing process consisting of an opening motion, a response, and, where appropriate, a reply. Accordingly, a reply brief is not a vehicle for advancing new arguments that could have been raised in the opening filing.

Consistent with that principle, Local Civil Rule 7.1(g)(1) provides that "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response to a motion shall file the reply within 14 days after service of the response . . ." Thus, the limited purpose of a reply brief is to address matters "initially raised in a response," not to present new arguments or grounds for relief for the first time. (*See* LCvR 7.1(g)(1)).

When a reply introduces new arguments or evidence, if the court does not strike the new argument or evidence, courts routinely permit the opposing party to file a sur-reply to ensure that the opposing party has a meaningful opportunity to respond and that the issues are fully and fairly briefed. *See Neighborhood Networks Publ'g, Inc. v. Lyles*, No. 7:19-CV-89-BO, 2021 WL 328844, at *2 (E.D.N.C. Feb. 1, 2021) (citing *Spivey v. Research Triangle Reg'l Pub. Transp. Auth.*, 2015 WL 5513320, at *9, 2015 U.S. LEXIS 124775, at *26 (E.D.N.C. Aug. 10, 2015) (citations omitted)); *see also Koppers Performance Chems., Inc. v. Travelers Indem. Co.*, No. 2:20-cv-2017-RMG, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) ("[C]ourts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue raised for the first time in a responsive briefing.") (internal citations omitted); *Nutrien Ag Solutions, Inc. v. Rogers*, No. 2:24-cv-03319-DCN, 2024 WL 4708018, at *3 (D.S.C. Nov. 7, 2024) (granting leave to file sur-reply).

**B. The Local Civil Rules Limit Reply Briefs to Ten Pages.**

Local Civil Rule 7.2(f)(2)(c) provides that "[a] reply or surreply memorandum . . . shall not exceed 10 pages in length."

## II. ARGUMENT

The Court should strike the portions of Ms. Bell's Reply that violate the Local Civil Rules page limitation and improperly raise a new argument. Alternatively, if the Court elects to consider the new argument, it should grant Cisco leave to file the attached Sur-Reply.

### A. This Court Should Strike the Portions of the Reply That Exceed the Local Rules' Ten-Page Limit.

Local Civil Rule 7.2(f)(2)(c) provides that a reply memorandum "shall not exceed 10 pages in length." (LCvR 7.2(f)(2)(c)). Ms. Bell's Reply is twenty-one pages long, exceeding the permissible limit by eleven pages. (*See generally*, ECF No. 11). Ms. Bell did not seek leave of the Court to exceed the page limitation. Because the Reply plainly violates the Local Civil Rules, the Court should strike the portions filed in excess of the ten-page limit.

### B. The Court Should Strike the New Arguments Raised for the First Time in the Reply, or, Alternatively, Grant Cisco Leave to File a Sur-Reply.

Ms. Bell's Reply asserts, for the first time, that the Arbitrator failed to separately adjudicate her post-compliant retaliation theory. (ECF No. 11, at 2, 14-16).

This argument is wholly distinct from the grounds for vacatur raised in Ms. Bell's Petition to Vacate the Arbitration Award Pursuant to 9 U.S.C. § 10. (the "Petition to Vacate," ECF No. 1). Instead, Ms. Bell first advances this theory in her Reply, depriving Cisco of any opportunity to address it through the ordinary briefing process contemplated by the Local Civil Rules.

The Court possesses "ample authority to strike arguments made for the first time in a reply brief." *Peterman*, 2025 WL 1296216, at *5 (citations omitted). Allowing Ms. Bell to raise a new basis for vacatur at the reply stage without affording Cisco an opportunity to respond would be fundamentally unjust. For that reason, the Court should strike Ms. Bell's newly raised argument. Alternatively, if the Court elects to consider Ms. Bell's new argument, fairness dictates that Cisco

be granted leave to file the attached Sur-Reply. *See Neighborhood*, 2021 WL 328844, at *2 (citing *Spivey*, 2015 WL 5513320, at *9, 2015 U.S. LEXIS 124775, at *26); *Koppers*, 2021 WL 5906112, at *3. The proposed Sur-Reply is narrowly tailored to address only the new argument raised in Ms. Bell's Reply and does repeat Cisco's arguments in its Response in Opposition to Ms. Bell's Petition to Vacate.

## III. CONCLUSION

For these reasons, Cisco respectfully requests that the Court: (1) strike the portions of Ms. Bell's Reply that exceed the ten-page limit prescribed by Local Civil Rule 7.2(f)(2)(c); (2) strike the argument raised for the first time in Ms. Bell's Reply; or, alternatively, (3) grant Cisco leave to file the attached Sur-Reply to address the new argument.

Dated: October 5, 2026

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## WORD COUNT CERTIFICATION

I, Kellie A. Tabor, certify that Respondent's Memorandum of Law in Support of Motion to Strike Portions of Petitioner's Reply or, in the Alternative, Motion for Leave to File Sur-Reply complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 8,400 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

October 5, 2026

*\/s/ Kellie A. Tabor*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of October, 2026, filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via email and U.S. Mail upon the following *pro se* petitioner:

Criselda Angela Bell
criselda.monteza@gmail.com
1232 Harp Street
Raleigh NC 27604

*Petitioner Pro Se*

*/s/ Kellie A. Tabor*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorney for Respondent*