**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH**

CRISELDA ANGELA BELL,

Petitioner,

v.

CISCO SYSTEMS, INC.,

Respondent.

Civil Action No. 5:26-CV-00555-M-RN

**RESPONDENT'S [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO PETITIONER'S PETITION TO VACATE**

Respondent Cisco Systems, Inc. ("Cisco"), by and through undersigned counsel, submits this [Proposed] Sur-Reply to address a new argument improperly raised for the first time in Petitioner Criselda Angela Bell's ("Ms. Bell") Reply in Support of Petition to Vacate and Opposition to Cross-Motion to Confirm (ECF No. 11, the "Reply"). For the additional reasons set forth herein, Cisco respectfully requests that the Court deny Ms. Bell's Petition and affirm the Arbitrator's Award.

## I. <u>ADDITIONAL ARGUMENT</u>

### A. Ms. Bell's New Retaliation Theory Fails Because She Failed to Exhaust Her Administrative Remedies With Respect to Any Federal Retaliation Claim.

As a threshold matter, Ms. Bell failed to exhaust her administrative remedies with respect to any federal retaliation claim. The events she now identifies as retaliatory, including the denial of her internal complaint on September 8, 2025, and the effective date of her separation from employment on September 9, 2025, occurred before she filed her EEOC Charge on September 22, 2025. (ECF No. 1-7 at 7). Despite this, Ms. Bell expressly acknowledged in her Statement of Claims that her EEOC Charge did not allege retaliation. (ECF No. 1-6, ¶¶ 45-46, 152). Instead, she asserted retaliation for the first time in arbitration.

Administrative exhaustion is a well-established doctrine of administrative law, which provides that no one is entitled to relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Louise Trauma Ctr. LLC v. United States Citizenship & Immigr. Servs.*, 147 F.4th 495, 498-99 (4th Cir. 2025) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d (2006)).

Ms. Bell is limited to the allegations presented in the Charge in any subsequent litigation. *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407 (4th Cir. 2013) (holding "[i]n any . . . lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge"); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (holding a "plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").

The exhaustion requirement ensures the employer is on notice of the complained-of discrimination and initiates agency-monitored settlement. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Courts have interpreted this exhaustion requirement to mean that each discrete incident of discriminatory treatment must be administratively exhausted. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 106 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred."); *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976) (stating that the subsequent litigation "may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge") (internal quotation marks omitted). Accordingly, a plaintiff's "factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko*, 429 F.3d at 509. A claim will be barred if

the "administrative charge alleges one type of discrimination . . . and the claim encompasses another type . . . ." *Id*.

Ms. Bell raised allegations of retaliation for the first time in her Statement of Claims. Ms. Bell only raised claims of discrimination in her underlying EEOC Charge, as she admits in her Statement of Claims, and thus, she failed to exhaust her administrative remedies with respect to any federal retaliation claim.

Although the Arbitrator ultimately found it unnecessary to resolve the exhaustion issue, the Arbitrator recognized the deficiency and concluded that Ms. Bell could not establish a *prima facie* retaliation claim in any event. (ECF No. 1-9 at 11-12). However, Because Ms. Bell did not exhaust her administrative remedies with respect to her retaliation claim, Ms. Bell's new argument provides no basis for vacatur.

**B. The Arbitrator Expressly Addressed and Rejected Ms. Bell's Retaliation Theory Because Cisco Decided to Include Her in the Reduction in Force *<u>Before</u>* She Engaged in Any Protected Activity.**

In her Reply, Ms. Bell argues for the first time that the Arbitrator failed to separately adjudicate her theory that Cisco retaliated against her for filing an internal complaint in July 2025, by denying the complaint on September 8, 2025,[1] and terminating her employment on September 9, 2025. (ECF No. 11 at 14-15). The record demonstrates otherwise. The Arbitrator expressly considered and rejected that theory, finding that Ms. Bell failed to establish the requisite causal connection between her protected activity and termination. (ECF No. 1-9 at 11).

[1] Cisco's "denial" of Ms. Bell's September 8, 2025 complaint, and failure to reconsider its September 2024 decision to terminate her employment, is not a separate adverse employment action on which she could base a discrimination or retaliation complaint. *Walker v. Charlotte-Mecklenburg Schs.*, 2009 U.S. Dist. LEXIS 105237, at *13 (W.D.N.C. Nov. 9, 2009) (granting Defendant's Motion to Dismiss and holding Plaintiff cannot establish that the decision to uphold her termination was an adverse employment action, a necessary element to any claim of retaliation under federal or state law).

Specifically, the Arbitrator found that, while Ms. Bell adequately alleged protected activity and adverse employment action, she "failed to allege a causal connection between the two." (ECF No. 1-9 at 11). The Arbitrator explained that "since [Ms. Bell] received notice of her termination in September 2024, approximately ten months <u>before</u> she engaged in the protected activity, establishing a causal connection between the two events is impossible." (*Id.*) (emphasis in the original).

The conclusion is fully consistent with longstanding Fourth Circuit precedent. The Fourth Circuit has repeatedly held that the operative date for discrimination and retaliation claims is when the employee is informed of the challenged employment decision, not when the consequences of that decision are later implemented. *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982) ("the filing period runs from the time at which the employee is informed of the alleged discriminatory employment decision, regardless of when the effects of that decision came to fruition.") (internal citations omitted); *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action arising out of a job termination commences when the employee is informed of his termination, even if [s]he is not aware of its discriminatory nature.") (internal citations omitted). Accordingly, the relevant employment decision occurred on September 16, 2024, when Ms. Bell was notified that she had been selected for the reduction in force, not on September 9, 2025, when the separation became effective.

As a matter of law and common sense, an employment decision communicated in September 2024 cannot have been motivated by a complaint filed nearly ten months later. *Barnhill v. Bondi,* 138 F.4th 123, 138 (4th Cir. 2025) (citing *Roberts v. Glenn Indus. Grp., Inc.,* 998 F.3d 111, 127 (4th Cir. 2021) (explaining that irrespective of temporal proximity, a plaintiff must show that a relevant decisionmaker knew of their protected activity at the time of the adverse action to

establish causation)). Thus, regardless of how Ms. Bell characterizes her claim, her July 2025 complaint cannot serve as the basis for a retaliation claim arising from a termination decision that Cisco had already made and communicated. The Arbitrator expressly recognized this defect and rejected the claim on that basis for failure to state a *prima facie* case of retaliation. (ECF No. 1-9 at 11-12).

Moreover, the Arbitrator removed any doubt that the issue was considered. In ruling on Ms. Bell's Application for Clarification or Supplemental Order, the Arbitrator stated that she had "considered and resolved all the issues and arguments raised by the parties," including those not specifically addressed in the Order, and that any arguments not expressly addressed were "unavailing, without merit, academic, or unnecessary to reach," (ECF No. 1-11 at 3). Ms. Bell therefore cannot credibly contend that the Arbitrator failed to consider her retaliation theory.

## II. CONCLUSION

For the foregoing reasons, Ms. Bell's newly raised argument is meritless and confirms, rather than undermines, the reasonableness of the Arbitrator's decision. The Petition to Vacate should therefore be denied, and the Arbitrator's Award confirmed in its entirety.

Dated: October 5, 2026

*<u>/s/ Kellie A. Tabor</u>*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

**WORD COUNT CERTIFICATION**

I, Kellie A. Tabor, certify that Respondent's [Proposed] Sur-Reply in Further Opposition to Petitioner's Petition to Vacate complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 2,800 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

October 5, 2026

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of October, 2026, filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via email and U.S. Mail upon the following *pro se* petitioner:


Criselda Angela Bell
criselda.monteza@gmail.com
1232 Harp Street
Raleigh NC 27604

*Petitioner Pro Se*


*<u>/s/ Kellie A. Tabor</u>*


Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorney for Respondent*