FILED

OCT 09 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY [signature] DEP CLK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

**WESTERN DIVISION**

**No. 5:26-CV-00555-M-RN**

| | | |
|---|---|---|
| CRISELDA ANGELA BELL, | ) | |
| | ) | |
| Petitioner, | ) | PETITIONER'S MOTION FOR LEAVE |
| | ) | TO EXCEED WORD LIMIT |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Criselda Angela Bell, proceeding pro se, respectfully moves the Court for leave to exceed the word limit applicable to reply memoranda under Local Civil Rule 7.2(f)(3)(C) and to consider Petitioner's previously filed Reply in its entirety. In support, Petitioner states as follows:

## I. BACKGROUND

Petitioner filed her Reply in Further Support of Petition to Vacate and Opposition to Cross-Motion to Confirm on September 28, 2026. (D.E. 11). The Reply contains 5,734 words.

Petitioner included a Word Count Certification with the Reply and believed at the time of filing that she was complying with the applicable word-count provision of Local Civil Rule 7.2(f). After

Respondent filed its Motion to Strike on October 5, 2026 (D.E. 16), Petitioner reviewed the Local Civil Rules again and recognized that she had mistakenly applied the word-count limit applicable to an opposition memorandum rather than the separate 2,800-word limit applicable to a reply memorandum under Local Civil Rule 7.2(f)(3)(C).

Petitioner acknowledges the error. She did not seek advance leave to exceed the applicable limit because she did not recognize the distinction when she filed the Reply. Petitioner now seeks leave promptly after the issue was brought to her attention.

## II. GOOD CAUSE EXISTS TO GRANT LEAVE

Petitioner respectfully submits that the circumstances support allowing the Reply to remain on the record in its entirety.

First, the violation resulted from a good-faith procedural mistake rather than an attempt to disregard the Court's rules. Petitioner is proceeding without counsel and prepared the Reply herself. Respondent's opposition to the Petition included a Word Count Certification, and Petitioner followed that format when preparing her Reply. In doing so, however, Petitioner mistakenly applied the word-count limit applicable to an opposition memorandum rather than the separate limit applicable to a reply memorandum.

Petitioner further notes that while she has a strong command of English, Filipino is her first language. In everyday English and in Filipino-English usage, the words 'reply' and 'response' can be used interchangeably. Petitioner did not recognize that these terms carry distinct procedural meanings under Local Civil Rule 7.2(f)(3) that trigger different word-count limits. This distinction in federal procedural terminology was not apparent to Petitioner as an unrepresented non-native

English speaker navigating federal civil procedure for the first time and directly contributed to the error.

Petitioner recognizes that her pro se status does not relieve her of the obligation to comply with the Local Civil Rules. She raises it only to explain how the mistake occurred and has sought to correct the issue promptly after recognizing it.

Second, the length of the Reply reflects the nature of the briefing to which Petitioner was responding. Respondent's filing both opposed Petitioner's request to vacate the arbitration award under 9 U.S.C. § 10 and sought affirmative relief through a Cross-Motion to Confirm the award under 9 U.S.C. § 9. The Reply therefore addressed Respondent's arguments against vacatur as well as its request for confirmation.

Third, allowing the Reply to remain in its entirety would not unfairly prejudice Respondent. Respondent has already reviewed the Reply and filed a detailed Motion to Strike identifying the arguments it contends should not be considered. Respondent has also prepared a proposed Sur-Reply addressing the argument it characterizes as newly raised and requested leave to file it as alternative relief. Permitting the Reply to remain on the record while allowing Respondent's proposed Sur-Reply, if the Court deems it appropriate, would allow both parties' arguments to be fully considered without depriving Respondent of an opportunity to respond.

Fourth, Petitioner respectfully submits that consideration of the complete Reply would assist the Court in resolving the pending Petition to Vacate and Cross-Motion to Confirm. The additional length addressed Respondent's arguments concerning the grounds for vacatur already before the Court and Respondent's affirmative request for confirmation of the arbitration award.

Petitioner therefore respectfully asks the Court to exercise its discretion to permit the Reply as filed rather than strike portions of the filing based on Petitioner's procedural mistake.

## III. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant leave to exceed the word limit under Local Civil Rule 7.2(f)(3)(C), permit Petitioner's Reply (D.E. 11) to remain on the record in its entirety, and deny Respondent's request to strike any portion of the Reply based on its length.

Petitioner does not oppose Respondent's alternative request for leave to file its proposed Sur-Reply. Petitioner's non-opposition to the Sur-Reply is intended to ensure that Respondent has a full opportunity to address the arguments in Petitioner's Reply and does not constitute an acknowledgment that Petitioner raised a new ground for vacatur in the Reply. Petitioner expressly disputes Respondent's characterization of the post-complaint retaliation argument as newly raised and will address that issue in her response to Respondent's Motion to Strike.

Accordingly, Petitioner respectfully requests that the Court permit the Reply to remain in its entirety and, if the Court determines that additional briefing is appropriate, permit Respondent to file its proposed Sur-Reply rather than strike any portion of Petitioner's Reply.

In the further alternative, if the Court determines that leave to exceed the word limit should not be granted, Petitioner respectfully requests leave to file a revised reply memorandum that complies with the applicable word limit under Local Civil Rule 7.2(f)(3)(C) within seven days of the Court's order. A revised compliant reply would allow Petitioner to present the grounds raised in her Petition to Vacate in compliant form rather than having those grounds stricken from the briefing

record entirely. Petitioner submits that a revised reply better serves the interests of justice and the Court's ability to consider the complete grounds presented in the Petition than an order permanently striking portions of the existing Reply.

Respectfully submitted,

Criselda Angela Bell

Petitioner, Pro Se
1232 Harp Street
Raleigh, NC 27604
919-985-9228
criselda.monteza@gmail.com
Dated: October 9, 2026

## CERTIFICATE OF SERVICE

I certify that on this 9th day of October 2026, a true and correct copy of the foregoing Motion was served upon counsel for Respondent via email to KTabor@littler.com.

Criselda Angela Bell