FILED

OCT 09 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY [signature] DEP CLK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

**WESTERN DIVISION**

**No. 5:26-CV-00555-M-RN**

CRISELDA ANGELA BELL, )

)

Petitioner, ) PETITIONER'S OPPOSITION TO

) RESPONDENT'S MOTION TO

STRIKE

v. )

)

CISCO SYSTEMS, INC., )

)

Respondent. )

**INTRODUCTION**

Petitioner Criselda Angela Bell respectfully opposes Respondent's Motion to Strike (D.E. 16). Petitioner has separately moved for leave to exceed the applicable length limitation and requests that the Court consider her Reply (D.E. 11) in its entirety. This opposition addresses Respondent's separate request to strike Petitioner's post-complaint retaliation argument on the theory that it was improperly raised for the first time in reply.

Respondent's characterization omits the briefing sequence that produced the challenged argument. In its Opposition, Respondent affirmatively argued that "[t]he Arbitrator likewise acted within her

authority when she dismissed Ms. Bell's retaliation claim," and specifically relied upon the Arbitrator's causation analysis concerning Petitioner's July 25, 2025 protected activity. (D.E. 9 at 11). Petitioner's Reply answered that argument. It explained that the Arbitrator's reasoning addressed only whether a termination decision communicated in September 2024 could have been caused by protected activity occurring in July 2025, while failing to separately adjudicate the post-complaint sequence actually pleaded in arbitration: the July 25, 2025 internal discrimination complaint, Cisco's September 8, 2025 denial of that complaint, and Petitioner's September 9, 2025 termination.

That was responsive briefing, not the introduction of a new retaliation claim. Respondent itself placed the Arbitrator's disposition of retaliation before this Court and argued that the Arbitrator properly resolved it. Petitioner was entitled to answer that contention and identify what the Arbitrator's stated reasoning did — and did not — adjudicate.

Nor is there any unfairness warranting the extraordinary remedy Respondent seeks. Respondent has already prepared and submitted a proposed Sur-Reply addressing the argument in full. The Court therefore has a straightforward means of ensuring complete adversarial briefing without deleting Petitioner's argument from the record: deny the request to strike and permit Respondent to file its proposed Sur-Reply.

**BACKGROUND**

Petitioner filed her Petition to Vacate on August 7, 2026. (D.E. 1). The Petition challenged the arbitration award under 9 U.S.C. § 10 based upon the Arbitrator's alleged failure to perform the adjudicative task required by the parties' agreement, manifest disregard of governing law, and refusal to hear material evidence through pre-discovery dismissal.

Retaliation was not a claim invented during federal reply briefing. Petitioner expressly asserted retaliation in the underlying arbitration. Respondent acknowledges this fact in its own federal filings. In its September 18, 2026 Opposition, Respondent stated that Petitioner's Statement of Claims asserted six causes of action, expressly identifying "retaliation" as the sixth. (D.E. 9 at 4).

Respondent then went further. In arguing that the arbitration award should be confirmed, Respondent specifically defended the Arbitrator's disposition of that retaliation claim. Respondent asserted: "The Arbitrator likewise acted within her authority when she dismissed Ms. Bell's retaliation claim." (D.E. 9 at 11). Respondent then relied upon the Arbitrator's conclusion that causation was "impossible" because Petitioner received notice of her termination in September 2024, approximately ten months before she filed her internal discrimination complaint on July 25, 2025. (Id.).

Petitioner filed her Reply and Opposition to Respondent's Cross-Motion to Confirm on September 28, 2026. (D.E. 11). In response to Respondent's assertion that the Arbitrator properly disposed of retaliation, Petitioner explained that the Arbitrator's analysis addressed only backward causation — whether protected activity in July 2025 could have caused a decision communicated in September 2024. Petitioner contrasted that reasoning with the separate post-complaint sequence pleaded in arbitration: protected activity on July 25, 2025, denial of the internal complaint on September 8, 2025, and actual termination on September 9, 2025.

Respondent now asks the Court to strike that response as a "new argument." (D.E. 16). Alternatively, Respondent requests leave to file a Sur-Reply devoted specifically to answering it and has already attached that proposed Sur-Reply to its motion.

**ARGUMENT**

## I. SECTION III RESPONDS DIRECTLY TO AN ARGUMENT RESPONDENT AFFIRMATIVELY RAISED IN ITS OPPOSITION.

Local Civil Rule 7.1(g)(1), as quoted by Respondent itself, permits a party to reply to "matters initially raised in a response to a motion." Respondent's own filing placed the Arbitrator's adjudication of retaliation squarely before the Court.

Respondent did not merely mention retaliation as background. It affirmatively defended the Arbitrator's disposition of that claim as a reason the Petition should be denied and the award confirmed. Respondent argued that the Arbitrator "acted within her authority when she dismissed Ms. Bell's retaliation claim," and then relied upon the Arbitrator's causation analysis to support that proposition. (D.E. 9 at 11).

Petitioner's Reply addressed precisely that assertion.

Section III did not add a retaliation claim that had never been submitted to the Arbitrator. Respondent concedes that retaliation was one of the six claims in Petitioner's Statement of Claims. Nor did Petitioner introduce a new factual sequence created after the arbitration. The July 25, 2025 internal complaint and the September 2025 termination sequence were pleaded in the arbitration record.

The Reply instead challenged Respondent's assertion that the Arbitrator's reasoning disposed of that pleaded retaliation theory. Petitioner explained that the Arbitrator answered one causation question: whether Cisco's September 2024 decision could have been caused by protected activity that did not occur until July 2025. Section III identified the distinct question presented by the pleaded post-complaint chronology: whether conduct occurring after the July 25, 2025 protected

activity — including Petitioner's September 9, 2025 termination immediately following the September 8 denial of her complaint — was separately adjudicated.

Respondent cannot affirmatively place the Arbitrator's disposition of retaliation before the Court, characterize that disposition as complete and legally sufficient, and then prevent Petitioner from addressing the scope of the very adjudication Respondent invoked. That is the function of a reply.

## II. RESPONDENT'S OWN OPPOSITION MADE THE SCOPE OF THE ARBITRATOR'S RETALIATION RULING MATERIAL TO THE COURT'S REVIEW.

Respondent attempts to characterize Section III as "wholly distinct" from the existing dispute. (D.E. 16 at 3). The record demonstrates otherwise.

Respondent's Opposition argued that the Arbitrator acted within her authority because she resolved the claims submitted to her. Respondent expressly framed the § 10(a)(4) inquiry around whether the Arbitrator performed the adjudicative task assigned to her. It then specifically identified retaliation as a claim the Arbitrator supposedly resolved. That made the scope of the Arbitrator's actual retaliation analysis directly relevant to Respondent's own defense of the award.

Petitioner's response therefore did not arise in a vacuum. It addressed a concrete proposition advanced in D.E. 9: that the Arbitrator properly dismissed the retaliation claim because the September 2024 decision necessarily preceded the July 2025 protected activity. Section III examined the Arbitrator's stated reasoning and explained why that reasoning did not answer the separately pleaded post-complaint chronology.

Respondent's proposed Sur-Reply confirms the point. Respondent devotes substantial argument to defending the Arbitrator's treatment of the July 2025 complaint and September 2025 termination

and argues that those events cannot support Petitioner's retaliation theory. Respondent is therefore fully capable of litigating the precise issue it now asks the Court to remove from Petitioner's Reply. Whether Petitioner ultimately prevails on that argument is a merits question. It is not a basis for striking the argument before the Court considers it.

## III. RESPONDENT HAS ALREADY RECEIVED THE PROCEDURAL PROTECTION THE RULE AGAINST NEW REPLY ARGUMENTS IS DESIGNED TO PROVIDE.

Respondent argues that consideration of Section III would be "fundamentally unjust" because Cisco lacked an opportunity to respond. (D.E. 16 at 3). The present record eliminates that concern.

Respondent has already prepared a proposed Sur-Reply specifically addressing Petitioner's post-complaint retaliation argument and attached it to its Motion to Strike. (D.E. 16-1). Respondent is not sandbagged. Respondent is prepared to respond.

Respondent's own authorities recognize a sur-reply as the procedural mechanism available when fairness requires an additional opportunity to address an issue raised in responsive briefing. Respondent itself asks for precisely that relief in the alternative. There is consequently no need to strike Petitioner's argument to protect Respondent from an inability to answer it. The Court can preserve the complete briefing, permit Respondent's proposed Sur-Reply, and decide the issue with both parties' positions before it.

Striking Section III would do something materially different. It would remove Petitioner's argument while preserving Respondent's contention that the Arbitrator properly adjudicated retaliation. That would not cure a briefing imbalance; it would create one.

## IV. RESPONDENT'S PROPOSED SUR-REPLY CONFIRMS THAT THE UNDERLYING RETALIATION THEORY WAS ALREADY PART OF THE ARBITRATION RECORD.

Respondent's proposed Sur-Reply expressly acknowledges that Petitioner "asserted retaliation for the first time in arbitration." (D.E. 16-1 at 1). That concession matters.

The dispute is therefore not whether Petitioner submitted retaliation to the Arbitrator. She did. Nor is the dispute whether Respondent knew about that claim. It did. Respondent litigated it before the Arbitrator and defended the Arbitrator's disposition of it in D.E. 9.

The dispute raised by Section III is narrower: whether the Arbitrator's stated backward-causation reasoning actually adjudicated the post-complaint retaliation sequence Petitioner had pleaded. Respondent's proposed Sur-Reply attempts to answer that question by arguing, among other things, that the September 9, 2025 separation was merely the implementation of the September 2024 decision and that the Arbitrator's general statement that all issues had been considered was sufficient. Those arguments demonstrate that there is a concrete dispute over the scope and effect of the Arbitrator's ruling. They do not establish that the underlying retaliation theory originated in Petitioner's federal Reply. The Court should resolve that dispute on the complete briefing rather than remove one side of it from the record.

## V. THE APPROPRIATE RESULT IS TO DENY THE REQUEST TO STRIKE AND PERMIT RESPONDENT'S PROPOSED SUR-REPLY.

Petitioner does not oppose Respondent's alternative request for leave to file its proposed Sur-Reply. That position is not a concession that Section III improperly raised a new ground for vacatur. Petitioner maintains that Section III responded directly to Respondent's defense of the

Arbitrator's retaliation ruling in D.E. 9 and was therefore proper reply argument under Local Civil Rule 7.1(g)(1).

Permitting the Sur-Reply eliminates Respondent's asserted procedural concern. Respondent receives a complete opportunity to answer Section III, and the Court receives both parties' positions before deciding whether the award should be vacated or confirmed. If leave is granted, Petitioner respectfully requests that the Sur-Reply remain limited to the retaliation issue identified in Respondent's motion, consistent with Respondent's representation that its proposed filing is "narrowly tailored" to that issue. (D.E. 16 at 4).

There is no need to strike Section III to accomplish fairness. Full briefing accomplishes it without deleting a disputed issue from the record.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court deny Respondent's Motion to Strike insofar as it seeks to strike Petitioner's post-complaint retaliation argument.

Respondent itself placed the Arbitrator's disposition of retaliation before the Court by affirmatively arguing in D.E. 9 at 11 that the Arbitrator properly dismissed that claim. Petitioner's Reply responded by examining the scope of the Arbitrator's stated reasoning and identifying the post-complaint retaliation sequence that Petitioner contends was not separately adjudicated. The underlying retaliation claim was pleaded in arbitration, known to Respondent, litigated before the Arbitrator, and expressly defended by Respondent in this proceeding.

Respondent has also already prepared a proposed Sur-Reply addressing the issue in full. Any asserted concern regarding Respondent's opportunity to respond can therefore be completely resolved without striking Petitioner's argument.

Petitioner respectfully requests that the Court deny the request to strike Section III, permit Petitioner's Reply to remain in the record subject to the Court's disposition of Petitioner's separately filed Motion for Leave to Exceed Word Limit, and, if the Court determines additional briefing appropriate, grant Respondent leave to file its proposed Sur-Reply.

**WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.2(f)(4), I certify that this memorandum complies with the applicable word limit. This memorandum contains 1,837 words, exclusive of the case caption, signature block, certificate of service, and this certificate, and does not exceed the 8,400-word limit applicable to memoranda in opposition to non-discovery motions under Local Civil Rule 7.2(f)(3)(A).

Respectfully submitted,

______________________________

Criselda Angela Bell
Petitioner, Pro Se
1232 Harp Street
Raleigh, NC 27604
919-985-9228
criselda.monteza@gmail.com
Dated: October 9, 2026

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of October 2026, a true and correct copy of the foregoing Opposition was served upon counsel for Respondent via email to KTabor@littler.com.

Criselda Angela Bell