**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH**

| | |
|---|---|
| CRISELDA ANGELA BELL,<br><br>Petitioner,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Respondent. | Civil Action No. 5:26-CV-00555-M-RN<br><br>**RESPONDENT'S REPLY IN FURTHER SUPPORT OF RESPONDENT'S MOTION TO STRIKE PORTIONS OF PETITIONER'S REPLY, OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY** |

Respondent Cisco Systems, Inc. ("Cisco"), by and through its undersigned counsel, hereby submits this Reply to Petitioner Criselda Angela Bell's ("Ms. Bell") Response in Opposition to Respondent's Motion to Strike (ECF No. 19, "Ms. Bell's Opposition"). In deference to the Court, Cisco relies on the facts and arguments asserted in its prior filings but submits this Reply to address briefly several contentions raised in Ms. Bell's Opposition. For the additional reasons set forth herein, the Court should grant Cisco's Motion to Strike Portions of Petitioner's Reply, or, in the Alternative, Motion for Leave to File Sur-Reply (ECF No. 16).

## I. ARGUMENT

### A. Ms. Bell Confuses a Retaliation Claim Raised in Arbitration with a Basis for Vacatur in This Court.

Ms. Bell's Opposition confuses two separate issues. Cisco does not dispute that Ms. Bell asserted a retaliation claim in the underlying arbitration. (ECF No. 16-1 at 1, 3-5). The defect is that she did not challenge the Arbitrator's treatment of that claim as a basis for vacatur in her Petition. (*See generally*, ECF No. 1). Instead, Ms. Bell waited until her Reply to argue that the Arbitrator failed to separately adjudicate a "post-complaint retaliation" theory and that this alleged failure provides an additional ground for vacating the Award. (ECF No. 11 at 14-16).

Ms. Bell's Petition expressly identified three grounds for vacatur: (1) the Arbitrator exceeded her authority under 9 U.S.C. § 10(a)(4) by allegedly applying the wrong legal standard to Ms. Bell's equitable tolling argument; (2) the Arbitrator manifestly disregarded the law by refusing to apply Ms. Bell's purported discovery-rule tolling standard; and (3) the Arbitrator denied Ms. Bell a fundamentally fair hearing under 9 U.S.C. § 10(a)(3) by dismissing her claims before discovery and refusing to hear evidence relevant to the timeliness issue. (ECF No. 1 ¶¶ 4, 22–34). The Petition does not argue that the Arbitrator failed to separately adjudicate a post-complaint retaliation theory, much less identify that alleged failure as a basis for vacatur. (*See generally*, *Id.*).

Ms. Bell did that for the first time in her Reply. There, she argued that the Arbitrator addressed only whether the September 2024 termination decision could have been caused by her July 2025 protected activity, but failed to separately decide whether subsequent events constituted an "independently actionable retaliatory act." (ECF No. 11 at 14-16.) She then argues that this supposed failure left an adjudicative task "unperformed" under Section 10(a)(4) and denied her a fair opportunity to present evidence under Section 10(a)(3). (*Id.*)

That is an entirely new argument not included in Ms. Bell's Petition and asserted for the first time in Ms. Bell's Reply. The fact that Ms. Bell asserted a retaliation claim in her Statement of Claims in arbitration does not change what she actually challenged, and substantively argued, in her Petition to Vacate. The Petition challenged the Arbitrator's treatment of equitable tolling and the pre-discovery dismissal of her claims. (ECF No. 1, ¶¶ 4, 22-34). It did not challenge the Arbitrator's alleged failure to separately adjudicate a post-complaint retaliation theory. (*See generally*, *Id.*).

And Ms. Bell knew every fact underlying this theory before she filed the Petition. Her

Statement of Claims included allegations about the July 25, 2025 internal complaint, Cisco's September 8, 2025 denial of that complaint, and her September 9, 2025 termination. (ECF No. 1-6, ¶¶ 40-42). The Arbitrator's Order also expressly addressed retaliation and found that Ms. Bell could not establish causation because she received notice of her termination "approximately ten months <u>before</u> she engaged in the [alleged] protected activity." (ECF No. 1-9 at 11) (emphasis in original). Yet, Ms. Bell did not challenge the Arbitrator's alleged failure to separately adjudicate the post-complaint September 2025 events when she filed her Petition. (*See generally*, ECF No. 1). She waited until her Reply to do so. (ECF No. 11 at 14-16).

Ms. Bell cannot use her Reply to add a basis for vacatur that she could have raised in her Petition. Local Civil Rule 7.1(g)(1) permits a reply to address "matters initially raised in a response to a motion," and this Court has " 'ample authority to strike arguments made for the first time in a reply brief.'" LCvR 7.1(g)(1); *Peterman v. Ramod Brewers, LLC*, No. 4:21-CV-00156-M, 2025 WL 1296216, at *5 (E.D.N.C. May 5, 2025) (quoting *Penguin Restoration v. Nationwide Mut. Ins. Co.*, No. 5:13-cv-63-BO, 2014 WL 715123, at *2 (E.D.N.C. Feb. 21, 2014); citing *L.P. by and through J.P. v. Wake Cnty. Bd. of Educ.*, No. 5:20-cv-481-BO, 2021 WL 5936219, at *2 (E.D.N.C. Dec. 15, 2021)(refusing to consider a novel argument that was not raised in the motion)). The fact that her new basis for vacatur involves a claim previously raised in arbitration does not make it a proper reply argument. By failing to raise the issue of post-complaint retaliation in her original petition, Petitioner has waived it.

**B. Cisco Did Not Raise the New Ground for Vacatur in its Opposition.**

Ms. Bell next argues that her new "post-complaint retaliation" theory merely responded to Cisco's Response in Opposition to Petitioner's Petition to Vacate Arbitration award Pursuant to 9 U.S.C. § 10 ("Cisco's Opposition") because Cisco argued that the Arbitrator "acted within her authority when she dismissed Ms. Bell's retaliation claim." (Opposition at 3 (citing ECF No. 9 at

12)). Again, Ms. Bell conflates Cisco's defense of the Arbitrator's ruling with her own new challenge to that ruling.

Ms. Bell's Petition asserted that the Arbitrator exceeded her authority. (ECF No. 1, ¶¶ 4, 22-25). Cisco generally responded that the Arbitrator properly exercised her authority, including when she dismissed Ms. Bell's retaliation claim. (ECF No. 9 at 12). That was a defense of the retaliation award in general. It did not introduce, or even address, the post-complaint retaliation theory that Ms. Bell now advances.

Ms. Bell instead improperly used her Reply to make a new argument: that the Arbitrator's causation analysis was incomplete because she failed to separately adjudicate whether the September 8 and September 9, 2025 post-complaint events constituted independent retaliation. (ECF No. 11 at 14-16).

The sequence is straightforward. Ms. Bell filed a Petition asserting three grounds for vacatur. (ECF No. 1, ¶ 4). Cisco responded to those grounds and defended the Arbitrator's exercise of her authority. (ECF No. 9 at 12). Then, in Reply, Ms. Bell identified a new ground for vacatur – a purported defect in the Arbitrator's treatment of Ms. Bell's post-complaint retaliation allegations that Ms. Bell had not challenged in her Petition. (ECF No. 11 at 14-16).

Cisco did not inject that issue into the case simply by defending the retaliation Award in general. If Ms. Bell believed the Arbitrator failed to decide a retaliation theory that Ms. Bell had presented in arbitration, she had that argument when she filed her Petition. She simply did not raise it.

### C. Allowing Ms. Bell to Add a New Ground for Vacatur in Reply Would Be Fundamentally Unjust.

Ms. Bell also argues that there is no unfairness because Cisco submitted a proposed Sur-Reply addressing her new argument. (Opposition at 6). But the proposed Sur-Reply was necessary

because Ms. Bell raised a new basis for vacatur ***after*** Cisco had already responded to her Petition.

Cisco's use of the procedural mechanism available to address that unfairness does not make Ms. Bell's new argument proper. Otherwise, a party could omit a ground for relief from its operative filing, raise it for the first time in reply, and then avoid the consequences by pointing out that the opponent can seek leave to file another brief. That would permit precisely the type of reply briefing Local Civil rule 7.1(g)(1) is intended to prevent, and bog the courts down with endless briefing. *See* LCvR 7.1(g)(1) (holding that "[r]eplies to responses are discouraged" and should only "reply to matters initially raised in a response.").

Here, Ms. Bell's new theory also raises arguments Cisco had no reason to include in responding to the Petition, including her complete failure to exhaust administrative remedies (much less timely exhaust them) as to a federal retaliation claim. (*See* ECF No. 16-1 at 1-3).[1]

That is why Cisco submitted the proposed Sur-Reply. It addresses the new argument if the Court chooses to consider it. It does not retroactively make Petitioner's argument proper.

The Court should therefore strike the new basis for vacatur.

**D. In the Alternative, the Court Should Permit Cisco's Sur-Reply.**

Alternatively, if the Court permits Ms. Bell to maintain the new "post-complaint retaliation" theory argument she raises for the first time in her Reply, Cisco should be permitted to file its proposed Sur-Reply. *See Neighborhood Networks Publ'g, Inc. v. Lyles*, No. 7:19-CV-89-BO, 2021 WL 328844, at *2 (E.D.N.C. Feb. 1, 2021) (internal citations omitted); *Koppers Performance Chems., Inc. v. Travelers Indem. Co.*, No. 2:20-cv-2017-RMG, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) (internal citations omitted). Indeed, Ms. Bell expressly states that she

[1] Ms. Bell acknowledged in her Statement of Claims that her September 22, 2025 EEOC Charge did not allege retaliation. (ECF No. 1-6, ¶¶ 45-46, 152). The alleged July 25, 2025 protected activity, September 8, 2025 denial, and September 9, 2025 termination all occurred before she filed that Charge. (*Id.*, ¶¶ 40-46).

"does not oppose Respondent's alternative request for leave to file its proposed Sur-Reply." (ECF No. 19 at 7).

### E. The Court Should Strike the Overlength Portions of Ms. Bell's Reply.

Finally, Ms. Bell does not dispute that that her *twenty-one page, 5,734 word* Reply exceeded the Local Civil Rule 7.2(f)(2)(c)'s ten-page, 2,800 word limit without prior leave, and Cisco maintains its request to strike the excess pages. (ECF No. 18 at 2). Cisco will separately file a memorandum in opposition to Ms. Bell's Motion to Leave to Exceed Word Limit (ECF No. 18).

## II. CONCLUSION

Ms. Bell's Opposition addresses a different issue than the one raised by Cisco's Motion to Strike. Cisco does not dispute that a retaliation claim was asserted in arbitration. But Ms. Bell did not argue in her Petition that the Arbitrator's alleged failure to separately adjudicate a "post-complaint retaliation" theory warranted vacatur. She improperly raised that basis for vacatur for the first time in her Reply, after Cisco had already responded to the Petition.

For these reasons, and those set forth in Cisco's Motion and supporting memorandum, Cisco respectfully requests that the Court strike the new argument raised for the first time in Ms. Bell's Reply or, alternatively, grant Cisco leave to file its proposed Sur-Reply, and strike the overlength portion of Ms. Bell's Reply.

Dated: October 22, 2026

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*

## WORD COUNT CERTIFICATION

I, Kellie A. Tabor, certify that this Reply in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint complies with the word limitation as prescribed by Local Rule 7.2(f)(2)(C). This brief contains 1,738 words, exclusive of the caption, signature block, certificate of service, any cover page or index, and this certificate.

October 22, 2026

*/s/Kellie A. Tabor*

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent CISCO SYSTEMS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of October, 2026, filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Criselda Angela Bell
criselda.monteza@gmail.com
1232 Harp Street
Raleigh NC 27604

*Petitioner Pro Se*



*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
KeWalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Respondent*