IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-00555-M

| | |
|---|---|
| **Criselda Angela Bell**,<br><br>Plaintiff,<br><br>v.<br><br>**Cisco Systems, Inc.**,<br><br>Defendant. | **Order** |

Plaintiff Criselda Bell, proceeding pro se, has petitioned the court to vacate an arbitration award that dismissed her claims against Defendant Cisco Systems, her former employer. Pet., D.E. 1. Cisco filed a response requesting the court affirm the arbitration award. Resp., D.E. 9.

Before the court are Cisco's motion to strike (D.E. 15) and Bell's motion for leave (D.E. 18.). As set forth below, the court will grant the motion to strike and deny the motion for leave as moot.

## I. Motion to Strike

The court's inherent authority includes the its discretion to manage its docket and safeguard the integrity of judicial proceedings. *See Degen* v. *United States*, 517 U.S. 820, 823 (1996); *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 44–5 (1991); *Alassaf* v. *Alkordy*, No. 5:23-CV-10-D, 2026 WL 991171, at *5 (E.D.N.C. Mar. 16, 2026). Under this inherent authority, a court may strike documents for good cause. *See Iota Xi Chapter of Sigma Chi Fraternity* v. *Patterson*, 566 F.3d 138, 150 (4th Cir. 2009). The court may strike filings that are unnecessary, unwarranted, or frivolous, *see United States* v. *Rodriguez-Silva*, No. 1:18-CR-68, 2019 WL 1937144, at *4 (M.D.N.C. Apr. 8, 2019) (unpublished), *adopted by* 2019 WL 1934036 (M.D.N.C. May 1, 2019),

or filings that are inappropriate, harassing, or intended to embarrass or intimidate, *see Morris v. Amtrak*, No. CV 24-2260, 2024 WL 4826236, at *3–4 (D. Md. Nov. 19, 2024).

Cisco asks the court to strike Bell's reply in support of her petition to vacate and opposition to Cisco's response seeking confirmation (D.E. 11). It argues that the reply raises a new argument not advanced in the petition to vacate. D.E. 15. And the 21-page reply exceeds the 10-page limit imposed by Local Civil Rule 7.2(f)(2)(C).[1]

In response, Bell argues that she did not raise a new issue in her reply, because retaliation was a claim in the underlying arbitration. And she moved for leave to file a brief that exceeded the limitations set out in this court's Local Civil Rules, which the court addresses below. D.E. 18.

Cisco points out, and the court agrees, that although retaliation was an issue brought in the underlying arbitration, Bell's petition to vacate did not challenge the arbitrator's disposition of that claim. So she may not now contend that the arbitrator failed to decide her claims of post-complaint retaliation theory forms an additional basis to vacate the arbitration award. *See Penguin Restoration, Inc.* v. *Nationwide Mut. Ins., Co.*, No. 5:13-CV-63-BO, 2014 WL 715123, at *2 (E.D.N.C. Feb. 21, 2014) (observing that court may strike arguments first made in a reply); *Buser* v. *So. Food Serv., Inc.*, 73 F. Supp. 2d 556, 568 n.12 (M.D.N.C.1999) (declining to consider arguments first raised in a reply brief).

So the court grants the motion to strike on this issue.

## II. Motion for Leave

The court also considers Bell's motion for leave to exceed the limitations on replies. D.E. 18. Bell maintains that good cause exists to allow her leave to file a longer reply for five reasons. First, she states that she mistakenly applied the wrong word-count limit to her reply. Second, Bell

[1] The Local Civil Rules also impose a 2800-word limit on a reply as an alternative to the 10-page limit. *See* Local Civil Rule 7(f)(3)(C).

notes that she is a non-native English speaker. Third, the reply addresses arguments raised in Bell's petition to vacate as well as Cisco's repose seeking to confirm the award. Fourth, she alleges there is no prejudice to Cisco in allowing the longer reply. And fifth, Bell claims that the lengthy reply will assist the court in deciding the issues.

Cisco asserts that Bell's grounds for leave are unconvincing and advance no circumstances which warrant relief. Resp., D.E. 21. So the court should require the parties to adhere to the Local Civil Rules. The court agrees. Nothing in Bell's motion merits a departure from the requirements imposed by the Local Civil Rules. The court will allow Bell to file a conforming reply. So it will grant the motion to strike on this basis as well and deny as moot her motion for leave to exceed the page or word limits (D.E. 18).

**III. Notice Regarding the Use of Artificial Intelligence Tools in Drafting Filings**

Federal courts are regularly confronted with parties who use generative artificial intelligence tools to draft pleadings, briefs, and other filings. A party using generative AI tools to draft legal filings or conduct legal research should be aware that those tools can produce false statements, fabricated case citations, inaccurate quotations, and misleading descriptions of legal authority. Represented or not, every party is personally responsible for ensuring the accuracy of every factual allegation, legal citation, quotation, argument, and representation made in any filing.

The submission of fabricated allegations, nonexistent cases, false citations, inaccurate quotations, or other misleading material may result in sanctions against the offending party, even if that party is proceeding pro se. Those consequences may include striking the filing, disregarding unsupported arguments, denying requested relief, requiring correction or supplementation, imposing monetary or other sanctions where authorized by law, and any other action the Court deems appropriate.

## IV. Conclusion

For all these reasons, the court order that:

1. The motion to strike (D.E. 15) is granted. The Clerk shall strike the filing at Docket Entry 11.

2. Within 14 days, Bell may file a reply to the petition to vacate. The filing must comply with all requirements of the Local Civil Rules and may argue issues not raised in the petition to vacate or the response thereto.

3. The motion for leave (D.E. 18) is denied as moot.

Dated: November 6, 2026

Robert T. Numbers, II
United States Magistrate Judge