IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

No. 5:26-CV-00555-M-RN

FILED
NOV 18 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ______ DEP CLK

CRISELDA ANGELA BELL, Petitioner,

v.

CISCO SYSTEMS, INC., Respondent.

**PETITIONER'S REPLACEMENT REPLY IN SUPPORT OF PETITION TO VACATE AND IN OPPOSITION TO CROSS-MOTION TO CONFIRM**

Petitioner Criselda Angela Bell, proceeding pro se, submits this replacement reply under the Court's November 6, 2026 Order (D.E. 23). This reply does not assert a post-complaint retaliation theory as a new basis for vacatur. It responds to Cisco's arguments in its Response in Opposition (D.E. 9) on the three grounds raised in the Petition.

## I. CISCO'S FRAMING CONFLATES SCOPE OF AUTHORITY WITH CORRECTNESS OF ANALYSIS—BUT PETITIONER'S CLAIM IS ABOUT NEITHER.

Cisco argues that Ms. Bell "challenges the correctness of the Arbitrator's decision rather than her authority to make it." (D.E. 9 at 16). That framing misidentifies the § 10(a)(4) claim. Petitioner

does not dispute that the Arbitrator was authorized to apply federal law. The claim is narrower: the Arbitration Agreement required the Arbitrator to resolve the equitable tolling question submitted—whether Petitioner's diligence and medical circumstances warranted tolling under controlling federal standards. The Supplemental Order's written reasoning instead resolved a different question—whether the employer engaged in deliberate conduct causing delay—and stated "Therefore, Claimant has failed to identify any basis for her claim of equitable tolling." Supplemental Order at 2. The question is not whether applying federal law was within scope; it is whether the arbitrator decided the question that was submitted. See Three S Delaware, Inc. v. DataQuick Information Systems, Inc., 492 F.3d 520, 527 (4th Cir. 2007) ("a district or appellate court is limited to determine whether the arbitrators did the job they were told to do"); Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662, 671–72 (2010).

Equitable tolling and equitable estoppel are distinct doctrines with distinct elements. Estoppel requires a defendant's conduct inducing delay; tolling asks whether the claimant acted diligently and whether extraordinary circumstances prevented timely filing—without regard to employer wrongdoing. Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 255–57 (2016); Edmonson v. Eagle National Bank, 922 F.3d 535, 548–50 (4th Cir. 2019) (distinguishing the three doctrines). Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982) states the estoppel test; it does not state the tolling test. Applying Price to dismiss the tolling request was not an exercise of authority within the submitted question—it was an answer to a different question.

## II. THE "AWARENESS" ADMISSION IN THE PETITION DOES NOT RESOLVE THE § 10(a)(4) CLAIM.

Cisco relies on Petition ¶ 28—where Petitioner wrote that the Arbitrator's Order "demonstrates awareness of the equitable tolling framework"—to argue the Arbitrator could not have disregarded

the law or resolved the wrong question. (D.E. 9 at 19). That conflates awareness of a framework with application of its operative elements. An order can cite equitable tolling and demonstrate familiarity with the concept while applying a different doctrine's standard to dispose of the request. The Supplemental Order did exactly that: it cited Price (the estoppel standard), found no employer conduct satisfying Price, cited Huff v. Bd. of Governors of Univ. of N.C., 334 F. App'x 583 (4th Cir. 2009) (rejecting information-withholding, also an employer-conduct theory), and then concluded: "Therefore, Claimant has failed to identify any basis for her claim of equitable tolling." Supplemental Order at 2. That sequence is what Petitioner relies upon—not any claim that the arbitrator never mentioned tolling. Huff involved an employee who alleged the employer deliberately withheld termination reasons—still a conduct-based theory. Petitioner's submitted tolling argument rested on the medical and personal circumstances that she contends prevented timely investigation and filing—a high-risk pregnancy, medical leave, and postpartum incapacity—as well as her diligence in pursuing her claims once she was able to do so. That is different in kind from an employer-conduct theory. Neither Price nor Huff addresses those circumstances.

Cisco also argues that the Supplemental Order's catch-all—"The undersigned Arbitrator has considered and resolved all the issues and arguments raised by the parties on this motion, including those not explicitly addressed herein"—forecloses further examination. Supplemental Order at 3. Petitioner acknowledges that statement. But a catch-all cannot immunize express reasoning from § 10(a)(4) scrutiny. Courts review what the written ruling actually shows, and the question is whether the express chain of reasoning—Price to "Therefore"—resolved the submitted tolling question or a different one.

## III. CISCO'S OSHIVER AND RHODES ANALYSIS RESPONDS TO AN ARGUMENT PETITIONER DID NOT MAKE.

Cisco devotes substantial argument to showing that Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994), was undermined by Rotkiske v. Klemm, 890 F.3d 422 (3d Cir. 2018), and that Rhodes v. Guiberson Oil Tools Division, 927 F.2d 876 (5th Cir. 1991), is an estoppel case. (D.E. 9 at 21–23). Petitioner does not contest either point. The § 10(a)(4) claim does not turn on whether Oshiver or Rhodes compelled a contrary result. The issue is what standard the Supplemental Order applied to dispose of the tolling argument that was submitted, and whether that standard matches the doctrine submitted. The controlling framework for identifying the elements of equitable tolling is the Supreme Court's two-prong test from Holland v. Florida, 560 U.S. 631 (2010), and Menominee, 577 U.S. at 255–57 (diligence; extraordinary circumstances beyond the claimant's control), not Price or Huff. Cisco's lengthy analysis of non-binding authority is therefore a response to an argument Petitioner did not make.

## IV. THE FAIR-HEARING GROUND IS CONFINED TO THE PROCEDURAL OBJECTION PLEADED.

Cisco argues the § 10(a)(3) claim fails because the Arbitrator not only considered Petitioner's submissions but invited additional documents after oral argument. (D.E. 9 at 25–26). Petitioner acknowledges that the Arbitrator accepted supplemental materials. Order on Motion to Dismiss at 6 n.4. The objection is narrower: the opportunity to submit documents already in Petitioner's possession is not equivalent to obtaining internal records bearing on the equitable issues submitted—records uniquely in Cisco's possession that bore on the circumstances of Petitioner's leave period. Vacatur under § 10(a)(3) requires a showing of specific material evidence excluded in a fundamentally unfair manner—not merely the absence of discovery. Three S Delaware, 492

F.3d at 530–31. Petitioner preserves this ground on the specific procedural objections identified in the original Petition and arbitration record.

## V. MANIFEST DISREGARD IS PRESERVED IN THE ALTERNATIVE.

Petitioner preserves the manifest disregard ground. Warfield v. ICON Advisers, Inc., 26 F.4th 666, 670–72 (4th Cir. 2022) requires proof of a clearly governing principle and a knowing refusal to apply it—not merely erroneous application. The distinction between equitable estoppel and equitable tolling is established in Fourth Circuit law. See Edmonson v. Eagle National Bank, 922 F.3d at 548–50. Petitioner raises this as a preserved alternative; it does not require resolution if the Court grants vacatur under § 10(a)(4).

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant the Petition to Vacate, deny Cisco's Cross-Motion to Confirm, and award such further relief as the Court deems appropriate.

Respectfully submitted,

Criselda Angela Bell

Petitioner, Pro Se

Dated: November 18, 2026

## WORD-COUNT CERTIFICATION

I certify that this replacement reply contains 1,096 words, excluding the caption, signature block, and this certification, and complies with the 2,800-word limit in Local Civil Rule 7.2(f)(3)(C).

Criselda Angela Bell

Petitioner, Pro Se

Dated: November 18, 2026

## CERTIFICATE OF SERVICE

I certify that on this 18th day of November, a true and correct copy of the foregoing Motion was served upon counsel for Respondent via email to KTabor@littler.com.

Criselda Angela Bell